FILED

2011 DEC -2 AM 11: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY ___________

Jan P. Weir, State Bar No. 106652
jweir@sycr.com
Douglas Q. Hahn, State Bar No. 257559
dhahn@sycr.com
Joseph J. Mellema, State Bar No. 248118
jmellema@sycr.com
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Tel: 949-725-4000

Attorneys for Plaintiffs
Preservation Technologies LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC. AND YOUTUBE, LLC,<br><br>Defendants. | CASE NO. **SACV11-01860 DOC (JPRx)**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMANDED** |

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1528699v2/019999-0000

Plaintiff Preservation Technologies LLC ("Preservation Technologies" or "Plaintiff") alleges as follows:

## THE PARTIES

1. Plaintiff Preservation Technologies is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 874 Walker Road, Suite C, Dover, Delaware 19904.

2. Upon information and belief, Google Inc. ("Google") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1600 Amphitheatre Parkway, Mountain View California 94043.

3. Upon information and belief, YouTube, LLC ("YouTube" or "Defendant") is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 901 Cherry Avenue, San Bruno, California 94066. Upon information and belief, YouTube is wholly-owned subsidiary of Google. Collectively YouTube and Google are "Defendants."

## JURISDICTION AND VENUE

4. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

5. Upon information and belief, personal jurisdiction by this Court over Defendants is proper based upon their residence within the State of California and also Defendants having regularly conducted business, including the acts complained of herein, within the State of California and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in California and in this judicial district.

6. Venue properly lies in this district under the provisions of 28 U.S.C. § 1391 because Defendants resides in the district, because Defendants have

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1528699v2/019999-0000

1  purposely and repeatedly availed themselves of the privilege of doing business
2  within the district, and because a substantial part of the events giving rise to the
3  claims herein occurred in this district.
4
5  **THE PATENTS-IN-SUIT**
6  7.  On September 22, 1998, United States Patent No. 5,813,014 ("the
7  '014 Patent") was duly and legally issued for a "Method and Apparatus for
8  Management of Multimedia Assets." A true and correct copy of the '014 Patent is
9  attached hereto as Exhibit "A."
10  8.  On November 3, 1998, United States Patent No. 5,832,499 ("the '499
11  Patent") was duly and legally issued for a "Digital Library System." A true and
12  correct copy of the '499 Patent is attached hereto as Exhibit "B."
13  9.  On July 18, 2000, United States Patent No. 6,092,080 ("the '080
14  Patent") was duly and legally issued for a "Digital Library System." A true and
15  correct copy of the '080 Patent is attached hereto as Exhibit "C."
16  10. On March 5, 2002, United States Patent No. 6,353,831 ("the '831
17  Patent") was duly and legally issued for a "Digital Library System." A true and
18  correct copy of the '831 Patent is attached hereto as Exhibit "D."
19  11. On June 3, 2003, United States Patent No. 6,574,638 ("the '638
20  Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing
21  Multimedia Data Using Surveying Data." A true and correct copy of the '638
22  Patent is attached hereto as Exhibit "E."
23  12. On March 6, 2001, United States Patent No. 6,199,060 ("the '060
24  Patent") was duly and legally issued for a "Method and Apparatus Management of
25  Multimedia Assets." A true and correct copy of the '638 Patent is attached hereto
26  as Exhibit "F."
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1528699v2/019999-0000

## BACKGROUND

13. The technology taught in the Patents-in-Suit was developed by the USC Shoah Foundation Institute ("Shoah") and its predecessors. Shoah's impetus was to gather, catalog and make available for access thousands of video testimonies relative to the Holocaust.

14. Upon information and belief, the Shoah Visual History Foundation was established in 1994. The original aim of the foundation was to gather video testimonies from survivors and other witnesses of the Holocaust. Within several years, the Foundation's Visual History Archive held nearly 52,000 video testimonies in 32 languages, representing 56 countries; it is the largest archive of its kind in the world.

15. In January 2006, the Survivors of the Shoah Visual History Foundation became part of the Dana and David Dornsife College of Letters, Arts and Sciences at the University of Southern California in Los Angeles, where the testimonies in the Visual History Archive are preserved. Preservation Technologies is the exclusive licensee of the '014, '499, '080, '831 and '638 patents (the "Patents-in-Suit").

16. Preservation Technologies has all substantial rights and interest to the Patents-in-Suit, including the exclusive right to enforce the Patents-in-Suit against infringers, the right to prosecute this action and the right to recover for all past and future infringements thereof.

## COUNT 1

### *(Infringement of United States Patent No. 5,813,014)*

17. Plaintiff repeats and re-alleges the allegations in paragraphs 1-16 as if set forth in their entirety herein.

18. Preservation Technologies is the owner of all substantial rights and interest to the '014 Patent with the exclusive right to enforce such patent against

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1528699v2/019999-0000

infringers, and collect damages for all relevant times, including the right to prosecute this action.

19. Upon information and belief, YouTube owns and operates the website www.youtube.com which streams videos, television shows, movies and other video content to users over the Internet. YouTube's infringement is related to the cataloguing, organizing, searching, rating, provisioning, maintaining, storing and distribution of multimedia data.

20. Upon information and belief, YouTube also provides related services, specifications and instructions to its customers.

21. Upon information and belief, through its operation of the www.youtube.com website and components associated therewith, which it uses, inter alia, to collect, catalog, store, search and distribute multimedia data, YouTube has directly infringed one or more claims of the '014 Patent and/or YouTube induces and/or contributes to the infringements of one or more of the claims of the in the '014 Patent by others.

22. Preservation Technologies has been damaged as a result of YouTube's infringing conduct complained of herein.

23. YouTube is, thus, liable to Preservation Technologies in an amount that adequately compensates it for YouTube's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24. Upon information and belief, YouTube's infringing conduct will continue unless enjoined by this court.

## COUNT 2

### *(Infringement of United States Patent No. 5,832,499)*

25. Plaintiff repeats and re-alleges the allegations in paragraphs 1-24 as if set forth in their entirety herein.

26. Preservation Technologies is the owner of all substantial rights and interest to the '499 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

27. Upon information and belief, YouTube owns and operates the website www.youtube.com which streams videos, television shows, movies and other video content to users over the Internet. YouTube's infringement is related to the cataloguing, organizing, searching, rating, provisioning, maintaining, storing and distribution of multimedia data.

28. Upon information and belief, YouTube also provides related services, specifications and instructions to its customers.

29. Upon information and belief, through its operation of the www.youtube.com website and components associated therewith, which it uses, inter alia, to collect, catalog, store, search and distribute multimedia data, YouTube has directly infringed one or more claims of the '499 Patent and/or YouTube induces and/or contributes to the infringements of one or more of the claims of the in the '499 Patent by others.

30. Preservation Technologies has been damaged as a result of YouTube's infringing conduct complained of herein.

31. YouTube is, thus, liable to Preservation Technologies in an amount that adequately compensates it for YouTube's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

32. Upon information and belief, YouTube's infringing conduct will continue unless enjoined by this court.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1528699v2/019999-0000

## COUNT 3

### *(Infringement of United States Patent No. 6,092,080)*

33. Plaintiff repeats and re-alleges the allegations in paragraphs 1-32 as if set forth in their entirety herein.

34. Preservation Technologies is the owner of all substantial rights and interest to the '080 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

35. Upon information and belief, YouTube owns and operates the website www.youtube.com which streams videos, television shows, movies and other video content to users over the Internet. YouTube's infringement is related to the cataloguing, organizing, searching, rating, provisioning, maintaining, storing and distribution of multimedia data.

36. Upon information and belief, YouTube also provides related services, specifications and instructions to its customers.

37. Upon information and belief, through its operation of the www.youtube.com website and components associated therewith, which it uses, inter alia, to collect, catalog, store, search and distribute multimedia data, YouTube has directly infringed one or more claims of the '080 Patent and/or YouTube induces and/or contributes to the infringements of one or more of the claims of the in the '080 Patent by others.

38. Preservation Technologies has been damaged as a result of YouTube's infringing conduct complained of herein.

39. YouTube is, thus, liable to Preservation Technologies in an amount that adequately compensates it for YouTube's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1528699v2/019999-0000

1  40. Upon information and belief, YouTube's infringing conduct will
2  continue unless enjoined by this court.

## COUNT 4

### (Infringement of United States Patent No. 6,353,831)

41. Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if set forth in their entirety herein.

42. Preservation Technologies is the owner of all substantial rights and interest to the '831 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

43. Upon information and belief, YouTube owns and operates the website www.youtube.com which streams videos, television shows, movies and other video content to users over the Internet. YouTube's infringement is related to the cataloguing, organizing, searching, rating, provisioning, maintaining, storing and distribution of multimedia data.

44. Upon information and belief, YouTube also provides related services, specifications and instructions to its customers.

45. Upon information and belief, through its operation of the www.youtube.com website and components associated therewith, which it uses, inter alia, to collect, catalog, store, search and distribute multimedia data, YouTube has directly infringed one or more claims of the '831 Patent and/or YouTube induces and/or contributes to the infringements of one or more of the claims of the in the '831 Patent by others.

46. Preservation Technologies has been damaged as a result of YouTube's infringing conduct complained of herein.

47. YouTube is, thus, liable to Preservation Technologies in an amount that adequately compensates it for YouTube's infringements, which, by law,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1528699v2/019999-0000

1  cannot be less than a reasonable royalty, together with interest and costs as fixed
2  by this Court under 35 U.S.C. § 284.
3      48.    Upon information and belief, YouTube's infringing conduct will
4  continue unless enjoined by this court.

## COUNT 5

### *(Infringement of United States Patent No. 6,574,638)*

49.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-48 as if set forth in their entirety herein.

50.    Preservation Technologies is the owner of all substantial rights and interest to the '683 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

51.    Upon information and belief, YouTube owns and operates the website www.youtube.com which streams videos, television shows, movies and other video content to users over the Internet. YouTube's infringement is related to the cataloguing, organizing, searching, rating, provisioning, maintaining, storing and distribution of multimedia data and other data associated with multimedia data, including, but not limited to, survey data.

52.    Upon information and belief, YouTube also provides related services, specifications and instructions to its customers.

53.    Upon information and belief, through its operation of the www.youtube.com website and components associated therewith, which it uses, inter alia, to collect, catalog, store, search and distribute multimedia data, YouTube has directly infringed one or more claims of the '683 Patent and/or YouTube induces and/or contributes to the infringements of one or more of the claims of the in the '683 Patent by others.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1528699v2/019999-0000

54. Preservation Technologies has been damaged as a result of YouTube's infringing conduct complained of herein.

55. YouTube is, thus, liable to Preservation Technologies in an amount that adequately compensates it for YouTube's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

56. Upon information and belief, YouTube's infringing conduct will continue unless enjoined by this court.

## COUNT 6

### (Infringement of United States Patent No. 6,166,060)

57. Plaintiff repeats and re-alleges the allegations in paragraphs 1-56 as if set forth in their entirety herein.

58. Preservation Technologies is the owner of all substantial rights and interest to the '060 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

59. Upon information and belief, Google, through its Google TV platform, provides an interface and protocol to communicate between components of a multimedia system. The infringing Google TV platform enables the search, request, retrieval, and transmittal of multimedia data among the components of a multimedia system.

60. Upon information and belief, Google also provides related services, specifications and instructions to its customers.

61. Upon information and belief, through its Google TV platform, Google has directly infringed one or more claims of the '060 Patent and/or Google induces and/or contributes to the infringements of one or more of the claims of the in the '060 Patent by others.

62. Preservation Technologies has been damaged as a result of Google's infringing conduct complained of herein.

63. Google is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Google's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

64. Upon information and belief, Google's infringing conduct will continue unless enjoined by this court.

## JURY DEMAND

Preservation Technologies hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Preservation Technologies requests that the Court find in its favor and against Defendants, and that the Court grant Preservation Technologies the following relief:

    a. Judgment that one or more claims of United States Patent Nos. 5,813,014, 5,832,499, 6,092,080, 6,353,831, and 6,574,638 have been infringed, either literally and/or under the doctrine of equivalents, by YouTube and/or by others to whose infringements YouTube has contributed and/or by others whose infringements has been induced by YouTube;

    b. Judgment that one or more claims of United States Patent No. 6,166,060 has been infringed, either literally and/or under the doctrine of equivalents, by Google and/or by others to whose infringements Google has contributed and/or by others whose infringements has been induced by Google;

    c. Judgment that Defendants account for and pays to Preservation Technologies all damages to and costs incurred by Preservation Technologies

-10-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1528699v2/019999-0000

1 because of Defendants' infringing activities and other conduct complained of
2 herein;
3     d.    That Defendants' infringements be found to be willful from the time
4 that Defendants became aware of their acts of infringement, which is the time of
5 filing of Preservation Technologies' Complaint at the latest, and that the Court
6 award treble damages for the period of such willful infringement pursuant to 35
7 U.S.C. § 284;
8     e.    That Preservation Technologies be granted pre judgment and post
9 judgment interest on the damages caused by Defendants' infringing activities and
10 other conduct complained of herein;
11     f.    That the Court declare this an exceptional case and award
12 Preservation Technologies its reasonable attorneys' fees and costs in accordance
13 with 35 U.S.C. § 285; and
14     g.    That Preservation Technologies be granted such other and further
15 relief as the Court may deem just and proper under the circumstances.

Dated: December 2, 2011

STRADLING YOCCA CARLSON & RAUTH

By: _____
Jan P. Weir
Douglas Q. Hahn
Joseph J. Mellema

Attorneys for Plaintiffs
Preservation Technologies LLC