Jan P. Weir, State Bar No. 106652
jweir@sycr.com
Douglas Q. Hahn, State Bar No. 257559
dhahn@sycr.com
Joseph J. Mellema, State Bar No. 248118
jmellema@sycr.com
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660-6422
Tel: 949-725-4000

Attorneys for Plaintiff
Preservation Technologies LLC
against all defendants

Andrew G. DiNovo (will seek admission *pro hac vice*)
adinovo@dpelaw.com
Adam G. Price (will seek admission *pro hac vice*)
aprice@dpelaw.com
DINOVO PRICE ELLWANGER & HARDY LLP
7000 North MoPac Expressway, Suite 350
Austin, TX  78731
Tel: 512-539-2626

Attorneys for Plaintiff
Preservation Technologies LLC
against Netflix, Inc., Amazon.com,
Facebook, Inc., Sony Corp. of Am.,
Hulu, LLC and DISH Network Corp.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE, INC.; YOUTUBE, LLC; NETFLIX, INC.; AMAZON.COM; FACEBOOK, INC.; SONY CORPORATION OF AMERICA; HULU, LLC; AND DISH NETWORK CORPORATION,<br><br>Defendants. | CASE NO.: SACV11-01860 DOC (JPRx)<br><br>CONSOLIDATED FROM:<br>2:11-cv-10692-DOC-JPR<br>2:11-cv-10701-DOC-JPR<br>8:11-cv-01862-DOC-JPR<br>8:11-cv-01985-DOC-JPR<br>2:11-cv-10694-DOC-JPR<br>Pursuant to Jan. 18, 2012 Order<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMANDED**<br><br>Complaint Filed: December 2, 2011 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

Plaintiff Preservation Technologies LLC ("Preservation Technologies" or "Plaintiff") alleges as follows:

## THE PARTIES

1.      Plaintiff Preservation Technologies is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 874 Walker Road, Suite C, Dover, Delaware 19904.

2.      Upon information and belief, Google Inc. ("Google") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1600 Amphitheatre Parkway, Mountain View California 94043.

3.      Upon information and belief, YouTube, LLC ("YouTube") is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 901 Cherry Avenue, San Bruno, California 94066.  Upon information and belief, YouTube is wholly-owned subsidiary of Google.

4.      Upon information and belief, Netflix, Inc. ("Netflix") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 100 Winchester Circle, Los Gatos, California 95032.  Netflix can be served with process by serving its registered agent for service of process in the State of California, National Registered Agents, Inc, 2875 Michelle Drive, Suite 100, Irvine, California 92606.

5.      Upon information and belief, Amazon.com ("Amazon") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 410 Terry Avenue North, Seattle, Washington 98109. Amazon can be served with process by serving its registered agent for service of process in the State of Washington, Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

6.     Upon information and belief, Facebook, Inc. ("Facebook") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 1601 S. California Avenue, Palo Alto, California 94304.  Facebook can be served with process by serving its registered agent for service of process in the State of California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

7.     Upon information and belief, Sony Corporation of America ("Sony") is a corporation organized and existing under the laws of the State of New York, with a place of business located at 550 Madison Avenue 27th Floor, New York, New York 10022.  Sony can be served with process by serving its registered agent for service of process in the State of California, Corporation Service Company, d/b/a CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

8.     Upon information and belief, Hulu, LLC ("Hulu") is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business located at 12312 W. Olympia Blvd, Los Angeles, California 90064.  Hulu can be served with process by serving its registered agent for service of process in the State of Delaware, The Prentice-Hall Corporation System, Inc, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

9.     Upon information and belief, DISH Network Corporation ("DISH") is a corporation organized and existing under the laws of the State of Nevada, with a place of business located at 9601 S. Meridian Boulevard, Englewood, Colorado 80112.  DISH can be served with process by serving its registered agent for service of process in the State of Colorado, R. Stanton Dodge, 9601 S. Meridian Boulevard, Englewood, Colorado 80112.

10.     Collectively Google, YouTube, Netflix, Amazon, Facebook, Sony, Hulu, and DISH are "Defendants."

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

## JURISDICTION AND VENUE

11.     This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

12.     Upon information and belief, personal jurisdiction by this Court over Defendants is proper based upon their residence within the State of California and also Defendants having regularly conducted business, including the acts complained of herein, within the State of California and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in California and in this judicial district.

13.     Venue properly lies in this district under the provisions of 28 U.S.C. § 1391 because Defendants resides in the district, because Defendants have purposely and repeatedly availed themselves of the privilege of doing business within the district, and because a substantial part of the events giving rise to the claims herein occurred in this district.

## THE PATENTS-IN-SUIT

14.     On September 22, 1998, United States Patent No. 5,813,014 ("the '014 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets."  A true and correct copy of the '014 Patent is attached hereto as Exhibit "A."

15.     On November 3, 1998, United States Patent No. 5,832,499 ("the '499 Patent") was duly and legally issued for a "Digital Library System."  A true and correct copy of the '499 Patent is attached hereto as Exhibit "B."

16.     On July 18, 2000, United States Patent No. 6,092,080 ("the '080 Patent") was duly and legally issued for a "Digital Library System."  A true and correct copy of the '080 Patent is attached hereto as Exhibit "C."

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

1    17.    On March 5, 2002, United States Patent No. 6,353,831 ("the '831

2    Patent") was duly and legally issued for a "Digital Library System."  A true and

3    correct copy of the '831 Patent is attached hereto as Exhibit "D."

4    18.    On June 3, 2003, United States Patent No. 6,574,638 ("the '638

5    Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing

6    Multimedia Data Using Surveying Data."  A true and correct copy of the '638

7    Patent is attached hereto as Exhibit "E."

8    19.    On March 6, 2001, United States Patent No. 6,199,060 ("the '060

9    Patent") was duly and legally issued for a "Method and Apparatus Management of

10   Multimedia Assets."  A true and correct copy of the '060 Patent is attached hereto

11   as Exhibit "F."

12   20.    On November 3, 1998, United States Patent No. 5,832,495 ("the '495

13   Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing

14   Multimedia Data."  A true and correct copy of the '495 Patent is attached hereto as

15   Exhibit "G."

16   21.    On April 15, 2003, United States Patent No. 6,549,911 ("the '911

17   Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing

18   Multimedia Data."  A true and correct copy of the '911 Patent is attached hereto as

19   Exhibit "H."

20   22.    On April 3, 2001, United States Patent No. 6,212,527 ("the '527

21   Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing

22   Multimedia Data."  A true and correct copy of the '527 Patent is attached hereto as

23   Exhibit "I."

24   23.    On June 17, 2003, United States Patent No. 6,581,071 ("the '071

25   Patent") was duly and legally issued for a "Surveying System and Method."  A true

26   and correct copy of the '071 Patent is attached hereto as Exhibit "J."

27   24.    On February 22, 2001, United States Patent No. 6,477,537 ("the '537

28   Patent") was duly and legally issued for a "Method and Apparatus for Management

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1  of Multimedia Assets."  A true and correct copy of the '537 Patent is attached

2  hereto as Exhibit "K."

## BACKGROUND

25.    The USC Shoah Foundation developed the patented technology.  Its impetus was to gather, catalog and make available for access thousands of video testimonies.  In January 2006, the Survivors of the Shoah Visual History Foundation became part of the Dana and David Dornsife College of Letters, Arts and Sciences at the University of Southern California in Los Angeles, where the testimonies in the Visual History Archive are preserved.

26.    Preservation Technologies has all substantial rights and interest to the Patents-in-Suit, including all rights to recover for all past and future infringements thereof.

## DEFENDANTS' ACTS

### Google

27.    Google manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Google systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to Google's Android Market (market.android.com), Google TV, and related products.  Google provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

### YouTube

28.    YouTube manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing YouTube systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to YouTube's streaming videos, and related products.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

YouTube provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

### Netflix

29.    Netflix manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Netflix systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to Netflix's internet subscription service for streaming movies and television shows, and related products.  Netflix provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

### Amazon

30.    Amazon manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Amazon systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to the foregoing functions for streaming movies, television shows, and music, such as Amazon Instant Video and MP3 downloads, along with related products and services.  Amazon provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

### Facebook

31.    Facebook manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Facebook systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to the foregoing services on Facebook.com, and related

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

products.  Facebook provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

**Sony**

32.    Sony manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Sony systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to the foregoing services marketed under the name "Crackle" (www.crackle.com), and related products.  Sony makes, uses, sells, and offers for sale devices including televisions, Blu-ray players, and other multimedia devices that are designed to interoperate with services provided by other Defendants, including Netflix, Amazon, Facebook, and DISH.  Sony provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

**DISH**

33.    DISH manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing DISH systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to the foregoing services on Blockbuster On-Demand (www.blockbuster.com/download), DISH Network television, DISH Online, and related products.  DISH provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

**Hulu**

34.    Hulu manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Hulu systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

foregoing services on Hulu.com, Hulu Plus, Hulu apps, and related products. Hulu provides related services, specifications, and instructions for the installation and operation of such systems to its customers

## COUNT 1

### *(Direct and indirect infringement of United States Patent No. 5,813,014)*

35.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if set forth in their entirety herein.

36.     Preservation Technologies is the owner of all substantial rights and interest to the '014 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

37.     Upon information and belief, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without permission of Preservation Technologies, have been and are presently infringing the '014 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '014 Patent. Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu are thus liable for direct infringement of the '014 Patent pursuant to 35 U.S.C. § 271(a).

38.     Upon information and belief, at least since the filing of this Complaint, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '014 Patent, including actively inducing infringement of the '014 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '014 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

1   Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu

2   knew or should have known infringe one or more claims of the '014 Patent.

3       39.    As a result of Defendants Google's, YouTube's, Netflix's, Amazon's,

4   Facebook's, Sony's, DISH's, and Hulu's infringement of the '014 Patent,

5   Preservation Technologies has suffered monetary damages that are adequate to

6   compensate it for the infringement under 35 U.S.C. § 284, but in no event less than

7   a reasonable royalty.

8       40.    Upon information and belief, Google's, YouTube's, Netflix's,

9   Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringing conduct will

10  continue unless enjoined by this Court.

11

12  ## COUNT 2

13  *(Direct and indirect infringement of United States Patent No. 5,832,499)*

14      41.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if

15  set forth in their entirety herein.

16      42.    Preservation Technologies is the owner of all substantial rights and

17  interest to the '499 Patent with the exclusive right to enforce such patent against

18  infringers, and collect damages for all relevant times, including the right to

19  prosecute this action.

20      43.    Upon information and belief, Defendants Google, YouTube, Netflix,

21  Amazon, Sony, DISH, and Hulu, without permission of Preservation Technologies,

22  have been and are presently infringing the '499 Patent, as infringement is defined

23  by 35 U.S.C. § 271(a), including though making, using, selling, or offering for

24  sale, and importing methods and articles infringing one or more claims of the '499

25  Patent. Defendants Google, YouTube, Netflix, Amazon, Sony, DISH, and Hulu

26  are thus liable for direct infringement of the '499 Patent pursuant to 35 U.S.C. §

27  271(a).

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1536779v1/102298-0001

44.     Upon information and belief, at least since the filing of this Complaint, Defendants Google, YouTube, Netflix, Amazon, Sony, DISH, and Hulu, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '499 Patent, including actively inducing infringement of the '499 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '499 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that Defendants Google, YouTube, Netflix, Amazon, Sony, DISH, and Hulu knew or should have known infringe one or more claims of the '499 Patent.

45.     As a result of Defendants Google's, YouTube's, Netflix's, Amazon's, Sony's, DISH's, and Hulu's infringement of the '499 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

46.     Upon information and belief, Google's, YouTube's, Netflix's, Amazon's, Sony's, DISH's, and Hulu's infringing conduct will continue unless enjoined by this Court.

## COUNT 3

### (Direct and indirect infringement of United States Patent No. 6,092,080)

47.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if set forth in their entirety herein.

48.     Preservation Technologies is the owner of all substantial rights and interest to the '080 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

49.     Upon information and belief, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without permission of Preservation Technologies, have been and are presently infringing the '080 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '080 Patent.  Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu are thus liable for direct infringement of the '080 Patent pursuant to 35 U.S.C. § 271(a).

50.     Upon information and belief, at least since the filing of this Complaint, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '080 Patent, including actively inducing infringement of the '080 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '080 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu knew or should have known infringe one or more claims of the '080 Patent.

51.     As a result of Defendants Google's, YouTube's, Netflix's, Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringement of the '080 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

52.     Upon information and belief, Google's, YouTube's, Netflix's, Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringing conduct will continue unless enjoined by this Court.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1536779v1/102298-0001

## **COUNT 4**

### *(Direct and indirect infringement of United States Patent No. 6,353,831)*

53.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if set forth in their entirety herein.

54.    Preservation Technologies is the owner of all substantial rights and interest to the '831 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

55.    Upon information and belief, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without permission of Preservation Technologies, have been and are presently infringing the '831 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '831 Patent.  Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu are thus liable for direct infringement of the '831 Patent pursuant to 35 U.S.C. § 271(a).

56.    Upon information and belief, at least since the filing of this Complaint, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '831 Patent, including actively inducing infringement of the '831 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '831 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu knew or should have known infringe one or more claims of the '831 Patent.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

57.   As a result of Defendants Google's, YouTube's, Netflix's, Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringement of the '831 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

58.   Upon information and belief, Google's, YouTube's, Netflix's, Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringing conduct will continue unless enjoined by this Court.

## COUNT 5

### *(Direct and indirect infringement of United States Patent No. 6,574,638)*

59.   Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if set forth in their entirety herein.

60.   Preservation Technologies is the owner of all substantial rights and interest to the '638 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

61.   Upon information and belief, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without permission of Preservation Technologies, have been and are presently infringing the '638 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '638 Patent.  Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu are thus liable for direct infringement of the '638 Patent pursuant to 35 U.S.C. § 271(a).

62.   Upon information and belief, at least since the filing of this Complaint, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without the permission of Preservation Technologies, have been

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1  and are presently indirectly infringing the '638 Patent, including actively inducing

2  infringement of the '638 Patent under 35 U.S.C. § 271(b) and contributing to

3  infringement of the '638 Patent under 35 U.S.C. § 271(c). Such inducements

4  include without limitation, with specific intent to encourage the infringement,

5  knowingly inducing customers to use infringing articles and methods that

6  Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu

7  knew or should have known infringe one or more claims of the '638 Patent.

8       63.    As a result of Defendants Google's, YouTube's, Netflix's, Amazon's,

9  Facebook's, Sony's, DISH's, and Hulu's infringement of the '638 Patent,

10  Preservation Technologies has suffered monetary damages that are adequate to

11  compensate it for the infringement under 35 U.S.C. § 284, but in no event less than

12  a reasonable royalty.

13       64.    Upon information and belief, Google's, YouTube's, Netflix's,

14  Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringing conduct will

15  continue unless enjoined by this Court.

### COUNT 6

**(Direct and indirect infringement of United States Patent No. 6,199,060)**

16

17

18

19       65.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if

20  set forth in their entirety herein.

21       66.    Preservation Technologies is the owner of all substantial rights and

22  interest to the '060 Patent with the exclusive right to enforce such patent against

23  infringers, and collect damages for all relevant times, including the right to

24  prosecute this action.

25       67.    Upon information and belief, Defendants Google, Netflix, Amazon,

26  Facebook, Sony, and DISH without permission of Preservation Technologies, have

27  been and are presently infringing the '060 Patent, as infringement is defined by 35

28  U.S.C. § 271(a), including though making, using, selling, or offering for sale, and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

1   importing methods and articles infringing one or more claims of the '060 Patent.

2   Defendants Google, Netflix, Amazon, Facebook, Sony, and DISH are thus liable

3   for direct infringement of the '060 Patent pursuant to 35 U.S.C. § 271(a).

4        68.    Upon information and belief, at least since the filing of this

5   Complaint, Defendants Google, Netflix, Amazon, Facebook, Sony, and DISH

6   without the permission of Preservation Technologies, have been and are presently

7   indirectly infringing the '060 Patent, including actively inducing infringement of

8   the '060 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the

9   '060 Patent under 35 U.S.C. § 271(c).  Such inducements include without

10  limitation, with specific intent to encourage the infringement, knowingly inducing

11  customers to use infringing articles and methods that Defendants Google, Netflix,

12  Amazon, Facebook, Sony, and DISH knew or should have known infringe one or

13  more claims of the '060 Patent.

14       69.    As a result of Defendants Google's, Netflix's, Amazon's, Facebook's,

15  Sony's, and DISH's infringement of the '060 Patent, Preservation Technologies

16  has suffered monetary damages that are adequate to compensate it for the

17  infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

18       70.    Upon information and belief, Google's, Netflix's, Amazon's,

19  Facebook's, Sony's, and DISH's infringing conduct will continue unless enjoined

20  by this Court.

### COUNT 7

### *(Direct and indirect infringement of United States Patent No. 5,832,495)*

21

22

23       71.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if

24  set forth in their entirety herein.

25       72.    Preservation Technologies is the owner of all substantial rights and

26  interest to the '495 Patent with the exclusive right to enforce such patent against

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1536779v1/102298-0001

1    infringers, and collect damages for all relevant times, including the right to

2    prosecute this action.

3         73.    Upon information and belief, Defendants Google, Netflix, Amazon,

4    Sony, DISH, and Hulu, without permission of Preservation Technologies, have

5    been and are presently infringing the '495 Patent, as infringement is defined by 35

6    U.S.C. § 271(a), including though making, using, selling, or offering for sale, and

7    importing methods and articles infringing one or more claims of the '495 Patent.

8    Defendants Google, Netflix, Amazon, Sony, DISH, and Hulu are thus liable for

9    direct infringement of the '495 Patent pursuant to 35 U.S.C. § 271(a).

10        74.    Upon information and belief, at least since the filing of this

11   Complaint, Defendants Google, Netflix, Amazon, Sony, DISH, and Hulu, without

12   the permission of Preservation Technologies, have been and are presently

13   indirectly infringing the '495 Patent, including actively inducing infringement of

14   the '495 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the

15   '495 Patent under 35 U.S.C. § 271(c).  Such inducements include without

16   limitation, with specific intent to encourage the infringement, knowingly inducing

17   customers to use infringing articles and methods that Defendants Google, Netflix,

18   Amazon, Sony, DISH, and Hulu knew or should have known infringe one or more

19   claims of the '495 Patent.

20        75.    As a result of Defendants Google's, Netflix's, Amazon's, Sony's,

21   DISH's, and Hulu's infringement of the '495 Patent, Preservation Technologies

22   has suffered monetary damages that are adequate to compensate it for the

23   infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

24        76.    Upon information and belief, Google's, Netflix's, Amazon's, Sony's,

25   DISH's, and Hulu's infringing conduct will continue unless enjoined by this Court.

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

## **COUNT 8**

*(Direct and indirect infringement of United States Patent No. 6,549,911)*

77.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if set forth in their entirety herein.

78.    Preservation Technologies is the owner of all substantial rights and interest to the '911 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

79.    Upon information and belief, Defendants YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without permission of Preservation Technologies, have been and are presently infringing the '911 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '911 Patent.  Defendants YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu are thus liable for direct infringement of the '911 Patent pursuant to 35 U.S.C. § 271(a).

80.    Upon information and belief, at least since the filing of this Complaint, Defendants YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '911 Patent, including actively inducing infringement of the '911 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '911 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that Defendants YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu knew or should have known infringe one or more claims of the '911 Patent.

81.    As a result of Defendants YouTube's, Netflix's, Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringement of the '911 Patent,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

1   Preservation Technologies has suffered monetary damages that are adequate to

2   compensate it for the infringement under 35 U.S.C. § 284, but in no event less than

3   a reasonable royalty.

4         82.   Upon information and belief, YouTube's, Netflix's, Amazon's,

5   Facebook's, Sony's, DISH's, and Hulu's infringing conduct will continue unless

6   enjoined by this Court.

### COUNT 9

*(Direct and indirect infringement of United States Patent No. 6,212,527)*

8
9         83.   Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if

10  set forth in their entirety herein.

11        84.   Preservation Technologies is the owner of all substantial rights and

12  interest to the '527 Patent with the exclusive right to enforce such patent against

13  infringers, and collect damages for all relevant times, including the right to

14  prosecute this action.

15        85.   Upon information and belief, Defendants Google, YouTube, Netflix,

16  Amazon, Facebook, Sony, DISH, and Hulu, without permission of Preservation

17  Technologies, have been and are presently infringing the '527 Patent, as

18  infringement is defined by 35 U.S.C. § 271(a), including though making, using,

19  selling, or offering for sale, and importing methods and articles infringing one or

20  more claims of the '527 Patent.  Defendants Google, YouTube, Netflix, Amazon,

21  Facebook, Sony, DISH, and Hulu are thus liable for direct infringement of the '527

22  Patent pursuant to 35 U.S.C. § 271(a).

23        86.   Upon information and belief, at least since the filing of this

24  Complaint, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony,

25  DISH, and Hulu, without the permission of Preservation Technologies, have been

26  and are presently indirectly infringing the '527 Patent, including actively inducing

27  infringement of the '527 Patent under 35 U.S.C. § 271(b) and contributing to

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

1    infringement of the '527 Patent under 35 U.S.C. § 271(c).  Such inducements

2    include without limitation, with specific intent to encourage the infringement,

3    knowingly inducing customers to use infringing articles and methods that

4    Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu

5    knew or should have known infringe one or more claims of the '527 Patent.

6         87.    As a result of Defendants Google's, YouTube's, Netflix's, Amazon's,

7    Facebook's, Sony's, DISH's, and Hulu's infringement of the '527 Patent,

8    Preservation Technologies has suffered monetary damages that are adequate to

9    compensate it for the infringement under 35 U.S.C. § 284, but in no event less than

10   a reasonable royalty.

11        88.    Upon information and belief, Google's, YouTube's, Netflix's,

12   Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringing conduct will

13   continue unless enjoined by this Court.

## COUNT 10

### *(Direct and indirect infringement of United States Patent No. 6,581,071)*

16        89.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if

17   set forth in their entirety herein.

18        90.    Preservation Technologies is the owner of all substantial rights and

19   interest to the '071 Patent with the exclusive right to enforce such patent against

20   infringers, and collect damages for all relevant times, including the right to

21   prosecute this action.

22        91.    Upon information and belief, Defendants Netflix, Amazon, Facebook,

23   Sony, DISH, and Hulu, without permission of Preservation Technologies, have

24   been and are presently infringing the '071 Patent, as infringement is defined by 35

25   U.S.C. § 271(a), including though making, using, selling, or offering for sale, and

26   importing methods and articles infringing one or more claims of the '071 Patent.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-19-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

1  Defendants Netflix, Amazon, Facebook, Sony, DISH, and Hulu are thus liable for

2  direct infringement of the '071 Patent pursuant to 35 U.S.C. § 271(a).

3      92.     Upon information and belief, at least since the filing of this

4  Complaint, Defendants Netflix, Amazon, Facebook, Sony, DISH, and Hulu,

5  without the permission of Preservation Technologies, have been and are presently

6  indirectly infringing the '071 Patent, including actively inducing infringement of

7  the '071 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the

8  '071 Patent under 35 U.S.C. § 271(c).  Such inducements include without

9  limitation, with specific intent to encourage the infringement, knowingly inducing

10  customers to use infringing articles and methods that Defendants Netflix, Amazon,

11  Facebook, Sony, DISH, and Hulu knew or should have known infringe one or

12  more claims of the '071 Patent.

13      93.     As a result of Defendants Netflix's, Amazon's, Facebook's, Sony's,

14  DISH's, and Hulu's infringement of the '071 Patent, Preservation Technologies

15  has suffered monetary damages that are adequate to compensate it for the

16  infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

17      94.     Upon information and belief, Netflix's, Amazon's, Facebook's,

18  Sony's, DISH's, and Hulu's infringing conduct will continue unless enjoined by

19  this Court.

20
21                              **COUNT 11**

22        *(Direct and indirect infringement of United States Patent No. 6,477,537)*

23      95.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-34 as if

24  set forth in their entirety herein.

25      96.     Preservation Technologies is the owner of all substantial rights and

26  interest to the '537 Patent with the exclusive right to enforce such patent against

27  infringers, and collect damages for all relevant times, including the right to

28  prosecute this action.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-20-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

97.     Upon information and belief, Defendants Netflix, Amazon, Facebook, Sony, and DISH without permission of Preservation Technologies, have been and are presently infringing the '537 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '537 Patent.  Defendants Netflix, Amazon, Facebook, Sony, and DISH are thus liable for direct infringement of the '537 Patent pursuant to 35 U.S.C. § 271(a).

98.     Upon information and belief, at least since the filing of this Complaint, Defendants Netflix, Amazon, Facebook, Sony, and DISH without the permission of Preservation Technologies, have been and are presently indirectly infringing the '537 Patent, including actively inducing infringement of the '537 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '537 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that Defendants Netflix, Amazon, Facebook, Sony, and DISH knew or should have known infringe one or more claims of the '537 Patent.

99.     As a result of Defendants Netflix's, Amazon's, Facebook's, Sony's, and DISH's infringement of the '537 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty. Upon information and belief, Netflix's, Amazon's, Facebook's, Sony's, and DISH's infringing conduct will continue unless enjoined by this Court.

## JURY DEMAND

Plaintiff Preservation Technologies hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-21-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Preservation Technologies respectfully requests that the Court:

A.      Permanently enjoin each Defendant, its agents, servants, and employees, and all those in privity with each Defendant or in active concert and participation with any of the Defendants, from engaging in acts of infringement of the Patents-in-Suit;

B.      Award Plaintiff Preservation Technologies past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Patents-in-Suit in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

C.      Declare this case exceptional pursuant to 35 U.S.C. § 285; and

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-22-

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

1      D. Award Plaintiff Preservation Technologies its costs, disbursements,

2    attorneys' fees, and such further and additional relief as is deemed appropriate by

3    this Court.

4

           Respectfully submitted,

5

6    Dated:  January 27, 2012    STRADLING YOCCA CARLSON &
               RAUTH

7

8               By:  _____

9                Jan P. Weir

            Douglas Q. Hahn

10               Joseph J. Mellema

11              Attorneys for Plaintiff

           Preservation Technologies LLC

12              against all defendants

13

14               -and-

15              Andrew G. DiNovo

           Adam G. Price

16

17

18              Attorneys for Plaintiff

           Preservation Technologies LLC

19              against Netflix, Amazon, Facebook,

           Sony, Hulu, and DISH

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1536779v1/102298-0001

# EXHIBIT A