1   Jan P. Weir, State Bar No. 106652
    jweir@sycr.com
2   Douglas Q. Hahn, State Bar No. 257559
    dhahn@sycr.com
3   Joseph J. Mellema, State Bar No. 248118
    jmellema@sycr.com
4   STRADLING YOCCA CARLSON & RAUTH
    660 Newport Center Drive, Suite 1600
5   Newport Beach, CA  92660-6422
    Tel: 949-725-4000
6
    Attorneys for Plaintiff
7   Preservation Technologies LLC
    against all Defendants
8
    Andrew G. DiNovo (*pro hac vice*)
9   adinovo@dpelaw.com
    Adam G. Price (*pro hac vice*)
10  aprice@dpelaw.com
    DINOVO PRICE ELLWANGER & HARDY LLP
11  7000 North MoPac Expressway, Suite 350
    Austin, TX  78731
12  Tel: 512-539-2626

13  Attorneys for Plaintiff
    Preservation Technologies LLC
14  against  Netflix, Inc., Amazon.com, Facebook, Inc.,
    Sony Corp. of Am., Hulu, LLC, DISH Network Corp.,
15  AT&T, Inc., AT&T Services, Inc. Cox Communications, Inc.,
    and Time Warner Cable, Inc.
16
                    **UNITED STATES DISTRICT COURT**
17
                    **CENTRAL DISTRICT OF CALIFORNIA**
18
                         **SOUTHERN DIVISION**
19  PRESERVATION TECHNOLOGIES          CASE NO.: SACV11-01860 DOC
    LLC,                               (JPRx)
20              Plaintiff,
21         vs.                         **THIRD AMENDED COMPLAINT**
                                       **FOR PATENT INFRINGEMENT**
22  GOOGLE, INC.; YOUTUBE, LLC;
    NETFLIX, INC.; AMAZON.COM;         **JURY DEMANDED**
23  FACEBOOK, INC.; SONY
    CORPORATION OF AMERICA;            Complaints Filed: December 2, 2011
24  HULU, LLC; DISH NETWORK            and February 8, 2012
    CORPORATION, AT&T, INC.; AT&T
25  SERVICES, INC.; COX
    COMMUNICATIONS, INC.;  AND
26  TIME WARNER CABLE, INC.
27              Defendants.
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1545131v1/102298-0001

Plaintiff Preservation Technologies LLC ("Preservation Technologies" or "Plaintiff") alleges as follows:

## THE PARTIES

1.     Plaintiff Preservation Technologies is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 874 Walker Road, Suite C, Dover, Delaware 19904.

2.     Upon information and belief, Google Inc. ("Google") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1600 Amphitheatre Parkway, Mountain View California 94043.

3.     Upon information and belief, YouTube, LLC ("YouTube") is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 901 Cherry Avenue, San Bruno, California 94066.  Upon information and belief, YouTube is wholly-owned subsidiary of Google.

4.     Upon information and belief, Netflix, Inc. ("Netflix") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 100 Winchester Circle, Los Gatos, California 95032.  Netflix can be served with process by serving its registered agent for service of process in the State of California, National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, California 92606.

5.     Upon information and belief, Amazon.com ("Amazon") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 410 Terry Avenue North, Seattle, Washington 98109. Amazon can be served with process by serving its registered agent for service of process in the State of Washington, Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

-1-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1545131v1/102298-0001

6.      Upon information and belief, Facebook, Inc. ("Facebook") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 1601 S. California Avenue, Palo Alto, California 94304. Facebook can be served with process by serving its registered agent for service of process in the State of California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

7.      Upon information and belief, Sony Corporation of America ("Sony") is a corporation organized and existing under the laws of the State of New York, with a place of business located at 550 Madison Avenue 27th Floor, New York, New York 10022. Sony can be served with process by serving its registered agent for service of process in the State of California, Corporation Service Company, d/b/a CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

8.      Upon information and belief, Hulu, LLC ("Hulu") is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business located at 12312 W. Olympia Blvd, Los Angeles, California 90064. Hulu can be served with process by serving its registered agent for service of process in the State of Delaware, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

9.      Upon information and belief, DISH Network Corporation ("DISH") is a corporation organized and existing under the laws of the State of Nevada, with a place of business located at 9601 S. Meridian Boulevard, Englewood, Colorado 80112. DISH can be served with process by serving its registered agent for service of process in the State of Colorado, R. Stanton Dodge, 9601 S. Meridian Boulevard, Englewood, Colorado 80112.

10.      Upon information and belief, AT&T Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of

-2-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1   business at 208 S. Akard Street, Dallas, Texas 75202.  AT&T can be served with

2   process by serving its registered agent for service of process in the State of

3   Delaware, The Corporation Trust Company, Corporation Trust Center, 1209

4   Orange Street, Wilmington, Delaware 19801.

5        11.    Upon information and belief, AT&T Services, Inc. is a corporation

6   organized and existing under the laws of the State of Delaware, with a principal

7   place of business at 1010 N. St. Mary's St., Rm. 9-002, San Antonio TX 78215.

8   AT&T Services, Inc. can be served with process by serving its registered agent for

9   service of process in the State of California, C T Corporation System, 818 W.

10   Seventh St., Los Angeles, CA 90017.  Collectively AT&T, Inc. and AT&T

11   Services, Inc. are referred to as "AT&T."

12        12.    Upon information and belief, Cox Communications, Inc. ("Cox") is a

13   corporation organized and existing under the laws of the State of Delaware, with a

14   place of business located at 1400 Lake Hearn Dr., Mail Stop CP-12, Atlanta,

15   Georgia 30319.  Cox can be served with process by serving its registered agent for

16   service of process in the State of Delaware, Corporation Service Company, 2711

17   Centerville Road, Suite 400, Wilmington, Delaware 19808.

18        13.    Upon information and belief, Time Warner Cable, Inc. ("Time

19   Warner") is a corporation organized and existing under the laws of the State of

20   Delaware, with a place of business located at 60 Columbus Circle, New York, New

21   York 10023.  Time Warner can be served with process by serving its registered

22   agent for service of process in the State of Delaware, The Corporation Trust

23   Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware

24   19801.

25        14.    Collectively Google, YouTube, Netflix, Amazon, Facebook, Sony,

26   Hulu, DISH, AT&T, Cox, and Time Warner are "Defendants."

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

**JURISDICTION AND VENUE**

15.  This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

16.  Upon information and belief, personal jurisdiction by this Court over Defendants is proper based upon their residence within the State of California and also Defendants having regularly conducted business, including the acts complained of herein, within the State of California and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in California and in this judicial district.

17.  Venue properly lies in this district under the provisions of 28 U.S.C. § 1391 because Defendants resides in the district, because Defendants have purposely and repeatedly availed themselves of the privilege of doing business within the district, and because a substantial part of the events giving rise to the claims herein occurred in this district.

**THE PATENTS-IN-SUIT**

18.  On September 22, 1998, United States Patent No. 5,813,014 ("the '014 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets."  The invention disclosed by the '014 patent is a generalized solution for management of multimedia assets comprising interfaces between various components of a multimedia system.  These interfaces provide for communication between the components to accomplish searching for and retrieving multimedia assets.  A true and correct copy of the '014 Patent is attached hereto as Exhibit "A."

19.  On November 3, 1998, United States Patent No. 5,832,499 ("the '499 Patent") was duly and legally issued for a "Digital Library System."  The invention disclosed by the '499 patent relates to a digital library system that includes systems

-4-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1545131v1/102298-0001

1   and mechanisms for capturing, managing, and distributing multimedia data. A true
2   and correct copy of the '499 Patent is attached hereto as Exhibit "B."

3       20.   On July 18, 2000, United States Patent No. 6,092,080 ("the '080
4   Patent") was duly and legally issued for a "Digital Library System." The invention
5   disclosed by the '080 patent relates to a digital library system that includes systems
6   and mechanisms for capturing, managing, and distributing multimedia data. A true
7   and correct copy of the '080 Patent is attached hereto as Exhibit "C."

8       21.   On March 5, 2002, United States Patent No. 6,353,831 ("the '831
9   Patent") was duly and legally issued for a "Digital Library System." The invention
10  disclosed by the '831 patent relates to a digital library system that includes systems
11  and mechanisms for capturing, managing, and distributing multimedia data. A true
12  and correct copy of the '831 Patent is attached hereto as Exhibit "D."

13      22.   On June 3, 2003, United States Patent No. 6,574,638 ("the '638
14  Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing
15  Multimedia Data Using Surveying Data." The invention disclosed by the '638
16  patent relates to a method and apparatus in which survey data collected from
17  different survey versions may be retained in a database and used to catalog
18  multimedia data. A true and correct copy of the '638 Patent is attached hereto as
19  Exhibit "E."

20      23.   On March 6, 2001, United States Patent No. 6,199,060 ("the '060
21  Patent") was duly and legally issued for a "Method and Apparatus Management of
22  Multimedia Assets." The invention disclosed by the '060 patent relates to a
23  generalized solution for management of multimedia assets comprising interfaces
24  between various components of a multimedia system. These interfaces provide for
25  communication between the components to accomplish searching for and
26  retrieving multimedia assets. A true and correct copy of the '060 Patent is attached
27  hereto as Exhibit "F."

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

24.    On November 3, 1998, United States Patent No. 5,832,495 ("the '495 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '495 patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes. These attributes may be used to build one or more indices that can be used to facilitate catalog access. A true and correct copy of the '495 Patent is attached hereto as Exhibit "G."

25.    On April 15, 2003, United States Patent No. 6,549,911 ("the '911 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '911 patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes. These attributes may be used to build one or more indices that can be used to facilitate catalog access. A true and correct copy of the '911 Patent is attached hereto as Exhibit "H."

26.    On April 3, 2001, United States Patent No. 6,212,527 ("the '527 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '527 patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes. These attributes may be used to build one or more indices that can be used to facilitate catalog access. A true and correct copy of the '527 Patent is attached hereto as Exhibit "I."

27.    On June 17, 2003, United States Patent No. 6,581,071 ("the '071 Patent") was duly and legally issued for a "Surveying System and Method." The invention disclosed by the '071 patent relates to a method and apparatus in which survey data collected from different survey versions may be retained in a database

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1545131v1/102298-0001

1   and used to catalog multimedia data.  A true and correct copy of the '071 Patent is

2   attached hereto as Exhibit "J."

3       28.   On February 22, 2001, United States Patent No. 6,477,537 ("the '537

4   Patent") was duly and legally issued for a "Method and Apparatus for Management

5   of Multimedia Assets."  The invention disclosed by the '537 patent relates to a

6   generalized solution for management of multimedia assets comprising interfaces

7   between various components of a multimedia system.  These interfaces provide for

8   communication between the components to accomplish searching for and

9   retrieving multimedia assets.  A true and correct copy of the '537 Patent is attached

10  hereto as Exhibit "K."

11

12                        **BACKGROUND**

13      29.   The USC Shoah Foundation developed the patented technology.  Its

14  impetus was to gather, catalog and make available for access thousands of video

15  testimonies.  In January 2006, the Survivors of the Shoah Visual History

16  Foundation became part of the Dana and David Dornsife College of Letters, Arts

17  and Sciences at the University of Southern California in Los Angeles, where the

18  testimonies in the Visual History Archive are preserved.

19      30.   Preservation Technologies has all substantial rights and interest to the

20  Patents-in-Suit, including all rights to recover for all past and future infringements

21  thereof.

22

23                       **DEFENDANTS' ACTS**

24  **Google**

25      31.   Google manufactures, provides, sells, offers for sale, and/or

26  distributes infringing systems.  The infringing Google systems and methods

27  include, but are not limited to, systems and methods relating to the cataloguing,

28  organizing, searching, rating, and provisioning of digital multimedia data,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1  including but not limited to Google's Android Market (market.android.com),

2  Google TV, and related products.  In addition to the foregoing, Google also

3  provides related services, specifications, and instructions for the installation and

4  operation of such systems to its customers.  The '060 patent is infringed at least by

5  Google TV.  The '014, '499, '080, '831, '638, '495, '911, '527 and '071 patents

6  are infringed at least by Google's Android Market.

### YouTube

7
8      32.    YouTube manufactures, provides, sells, offers for sale, and/or

9  distributes infringing systems.  The infringing YouTube systems and methods

10  include, but are not limited to, systems and methods relating to the cataloguing,

11  organizing, searching, rating, and provisioning of digital multimedia data,

12  including but not limited to YouTube's streaming videos, and related products.  In

13  addition to the foregoing, YouTube also provides related services, specifications,

14  and instructions for the installation and operation of such systems to its customers.

15

### Netflix

16
17      33.    Netflix manufactures, provides, sells, offers for sale, and/or distributes

18  infringing systems.  The infringing Netflix systems and methods include, but are

19  not limited to, systems and methods relating to the cataloguing, organizing,

20  searching, rating, and provisioning of digital multimedia data, including but not

21  limited to Netflix's internet subscription service for streaming movies and

22  television shows, and related products.  In addition to the foregoing, Netflix also

23  provides related services, specifications, and instructions for the installation and

24  operation of such systems to its customers.

25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

**Amazon**

34.     Amazon manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Amazon systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to the foregoing functions for streaming movies, television shows, and music, such as Amazon Instant Video and MP3 downloads, along with related products and services.  In addition to the foregoing, Amazon also provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

**Facebook**

35.     Facebook manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Facebook systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to the foregoing services on Facebook.com, and related products.  In addition to the foregoing, Facebook also provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

**Sony**

36.     Sony manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Sony systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to the foregoing services marketed under the name "Crackle" (www.crackle.com), and related products.  Sony makes, uses, sells, and offers for sale devices including

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1   televisions, Blu-ray players, and other multimedia devices that are designed to

2   interoperate with services provided by other Defendants, including Netflix,

3   Amazon, Facebook, and DISH.  In addition to the foregoing, Sony also provides

4   related services, specifications, and instructions for the installation and operation

5   of such systems to its customers.  The '014; '911; '831; '071; '527; '638; '499;

6   '495; and '080 patents are infringed by functionality provided by the Crackle

7   system, including functionality available on the Crackle website

8   (www.crackle.com) and via Sony internet-enabled devices, including Blu-ray

9   players and televisions.  This functionality includes, for example, search

10  functionality, video viewing functionality, and content delivery functionality.  The

11  '060 and '537 patents are infringed by functionality available on Sony internet-

12  enabled devices including Blu-ray players and televisions that contain certain

13  functionality implementing the UPNP and/or DLNA standards, including, for

14  example, model numbers BDPS560 and BDPS760.

15

16  **DISH**

17       37.    DISH manufactures, provides, sells, offers for sale, and/or distributes

18  infringing systems.  The infringing DISH systems and methods include, but are not

19  limited to, systems and methods relating to the cataloguing, organizing, searching,

20  rating, and provisioning of digital multimedia data, including but not limited to the

21  foregoing services on Blockbuster On-Demand (www.blockbuster.com/download),

22  DISH Network television, DISH Online, and related products.  In addition to the

23  foregoing, DISH also provides related services, specifications, and instructions for

24  the installation and operation of such systems to its customers.

25

26  **Hulu**

27       38.    Hulu manufactures, provides, sells, offers for sale, and/or distributes

28  infringing systems.  The infringing Hulu systems and methods include, but are not

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1    limited to, systems and methods relating to the cataloguing, organizing, searching,

2    rating, and provisioning of digital multimedia data, including but not limited to the

3    foregoing services on Hulu.com, Hulu Plus, Hulu apps, and related products.  In

4    addition to the foregoing, Hulu also provides related services, specifications, and

5    instructions for the installation and operation of such systems to its customers.

6

7    **AT&T**

8        39.    AT&T manufactures, provides, sells, offers for sale, and/or distributes

9    infringing systems.  The infringing AT&T systems and methods include, but are

10   not limited to, systems and methods relating to the cataloguing, organizing,

11   searching, rating, and provisioning of digital multimedia data, including but not

12   limited to U-Verse cable and online video services, and related products.  In

13   addition to the foregoing, AT&T also provides related services, specifications, and

14   instructions for the installation and operation of such systems to its customers.

15

16   **Cox**

17       40.    Cox manufactures, provides, sells, offers for sale, and/or distributes

18   infringing systems.  The infringing Cox systems and methods include, but are not

19   limited to, systems and methods relating to the cataloguing, organizing, searching,

20   rating, and provisioning of digital multimedia data, including but not limited to

21   Cox's cable and online video services, and related products.  In addition to the

22   foregoing, Cox also provides related services, specifications, and instructions for

23   the installation and operation of such systems to its customers.

24

25   **Time Warner**

26       41.    Time Warner manufactures, provides, sells, offers for sale, and/or

27   distributes infringing systems.  The infringing Time Warner systems and methods

28   include, but are not limited to, systems and methods relating to the cataloguing,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1   organizing, searching, rating, and provisioning of digital multimedia data,

2   including but not limited to Time Warner's cable and online video services, and

3   related products.  In addition to the foregoing, Time Warner also provides related

4   services, specifications, and instructions for the installation and operation of such

5   systems to its customers.

6

7   ## WILLFULNESS

8       42.   At least the following Defendants acquired knowledge of one or more

9   of the patents-in-suit prior to this lawsuit being filed: Google, Sony, Amazon, and

10   AT&T.  Google acquired knowledge at least through direct notice and

11   communication with Plaintiff.  Sony, Amazon, and AT&T acquired knowledge at

12   least through their own patent prosecution activities.  Accordingly, at least these

13   Defendants are knowingly or with reckless disregard willfully infringing the

14   patents-in-suit.  At least Google, Sony, Amazon, and AT&T acted despite an

15   objectively high likelihood that their actions constituted infringement of Plaintiff

16   Preservation Technologies' valid patent rights.  This objectively-defined risk was

17   either known or so obvious that it should have been known to these Defendants.

18       43.   The infringement by at least Google, Sony, Amazon, and AT&T is

19   willful, thus entitling Plaintiff Preservation Technologies to the recovery of treble

20   damages pursuant to 35 U.S.C. § 284.

21

22   ## COUNT 1

23   ### (Direct and indirect infringement of United States Patent No. 5,813,014)

24       44.   Plaintiff repeats and re-alleges the allegations in paragraphs 1-43 as if

25   set forth in their entirety herein.

26       45.   Preservation Technologies is the owner of all substantial rights and

27   interest to the '014 Patent with the exclusive right to enforce such patent against

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1  infringers, and collect damages for all relevant times, including the right to

2  prosecute this action.

3        46.    Upon information and belief, Defendants Google, YouTube, Netflix,

4  Amazon, Facebook, Sony, DISH, and Hulu, without permission of Preservation

5  Technologies, have been and are presently infringing the '014 Patent, as

6  infringement is defined by 35 U.S.C. § 271(a), including though making, using,

7  selling, or offering for sale, and importing methods and articles infringing one or

8  more claims of the '014 Patent.  Defendants Google, YouTube, Netflix, Amazon,

9  Facebook, Sony, DISH, and Hulu are thus liable for direct infringement of the '014

10  Patent pursuant to 35 U.S.C. § 271(a).

11        47.    Upon information and belief, at least since the filing of this

12  Complaint, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony,

13  DISH, and Hulu, without the permission of Preservation Technologies, have been

14  and are presently indirectly infringing the '014 Patent, including actively inducing

15  infringement of the '014 Patent under 35 U.S.C. § 271(b) and contributing to

16  infringement of the '014 Patent under 35 U.S.C. § 271(c).  Such indirect

17  infringements include, without limitation, with specific intent to encourage the

18  infringement, knowingly inducing customers to use, or knowingly contributing to

19  customers' infringing uses of, without any substantial noninfringing use, infringing

20  articles and methods that Defendants Google, YouTube, Netflix, Amazon,

21  Facebook, Sony, and Hulu knew or should have known infringe one or more

22  claims of the '014 Patent.

23        48.    As a result of Defendants Google's, YouTube's, Netflix's, Amazon's,

24  Facebook's, Sony's, DISH's, and Hulu's infringement of the '014 Patent,

25  Preservation Technologies has suffered monetary damages that are adequate to

26  compensate it for the infringement under 35 U.S.C. § 284, but in no event less than

27  a reasonable royalty.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1545131v1/102298-0001

49.     Upon information and belief, Google's, YouTube's, Netflix's, Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## COUNT 2

### *(Direct and indirect infringement of United States Patent No. 5,832,499)*

50.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-43 as if set forth in their entirety herein.

51.     Preservation Technologies is the owner of all substantial rights and interest to the '499 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

52.     Upon information and belief, Defendants Google, YouTube, Netflix, Amazon, Sony, DISH, and Hulu, without permission of Preservation Technologies, have been and are presently infringing the '499 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '499 Patent.  Defendants Google, YouTube, Netflix, Amazon, Sony, DISH, and Hulu are thus liable for direct infringement of the '499 Patent pursuant to 35 U.S.C. § 271(a).

53.     Upon information and belief, at least since the filing of this Complaint, Defendants Google, YouTube, Netflix, Amazon, Sony, DISH, and Hulu, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '499 Patent, including actively inducing infringement of the '499 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '499 Patent under 35 U.S.C. § 271(c).  Such indirect infringements include, without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use, or knowingly contributing to

-14-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1545131v1/102298-0001

1  customers' infringing uses of, without any substantial noninfringing use, infringing

2  articles and methods that Defendants Google, YouTube, Netflix, Amazon, Sony,

3  and Hulu knew or should have known infringe one or more claims of the '499

4  Patent.

5       54.    As a result of Defendants Google's, YouTube's, Netflix's, Amazon's,

6  Sony's, DISH's, and Hulu's infringement of the '499 Patent, Preservation

7  Technologies has suffered monetary damages that are adequate to compensate it

8  for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable

9  royalty.

10       55.    Upon information and belief, Google's, YouTube's, Netflix's,

11  Amazon's, Sony's, DISH's, and Hulu's infringing conduct will continue unless

12  enjoined by this Court, resulting in continuing harm to Plaintiff.

13

14  **COUNT 3**

15  ***(Direct and indirect infringement of United States Patent No. 6,092,080)***

16       56.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-43 as if

17  set forth in their entirety herein.

18       57.    Preservation Technologies is the owner of all substantial rights and

19  interest to the '080 Patent with the exclusive right to enforce such patent against

20  infringers, and collect damages for all relevant times, including the right to

21  prosecute this action.

22       58.    Upon information and belief, Defendants Google, YouTube, Netflix,

23  Amazon, Facebook, Sony, DISH, Hulu, AT&T, Cox, and Time Warner, without

24  permission of Preservation Technologies, have been and are presently infringing

25  the '080 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though

26  making, using, selling, or offering for sale, and importing methods and articles

27  infringing one or more claims of the '080 Patent. Defendants Google, YouTube,

28  Netflix, Amazon, Facebook, Sony, DISH, Hulu, AT&T, Cox, and Time Warner are

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1  thus liable for direct infringement of the '080 Patent pursuant to 35 U.S.C. §

2  271(a).

3      59.    Upon information and belief, at least since the filing of this

4  Complaint, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony,

5  DISH, Hulu, AT&T, Cox, and Time Warner, without the permission of

6  Preservation Technologies, have been and are presently indirectly infringing the

7  '080 Patent, including actively inducing infringement of the '080 Patent under 35

8  U.S.C. § 271(b) and contributing to infringement of the '080 Patent under 35

9  U.S.C. § 271(c).  Such indirect infringements include, without limitation, with

10 specific intent to encourage the infringement, knowingly inducing customers to

11 use, or knowingly contributing to customers' infringing uses of, without any

12 substantial noninfringing use, infringing articles and methods that Defendants

13 Google, YouTube, Netflix, Amazon, Facebook, Sony, Hulu, AT&T, Cox, and

14 Time Warner knew or should have known infringe one or more claims of the '080

15 Patent.

16     60.    As a result of Defendants Google's, YouTube's, Netflix's, Amazon's,

17 Facebook's, Sony's, DISH's, Hulu's, AT&T's, Cox's, and Time Warner's

18 infringement of the '080 Patent, Preservation Technologies has suffered monetary

19 damages that are adequate to compensate it for the infringement under 35 U.S.C. §

20 284, but in no event less than a reasonable royalty.

21     61.    Upon information and belief, Google's, YouTube's, Netflix's,

22 Amazon's, Facebook's, Sony's, DISH's, Hulu's, AT&T's, Cox's, and Time

23 Warner's infringing conduct will continue unless enjoined by this Court, resulting

24 in continuing harm to Plaintiff.

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1545131v1/102298-0001

## COUNT 4

### *(Direct and indirect infringement of United States Patent No. 6,353,831)*

62.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-43 as if set forth in their entirety herein.

63.     Preservation Technologies is the owner of all substantial rights and interest to the '831 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

64.     Upon information and belief, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, Hulu, AT&T, Cox, and Time Warner, without permission of Preservation Technologies, have been and are presently infringing the '831 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '831 Patent.  Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, Hulu, AT&T, Cox, and Time Warner are thus liable for direct infringement of the '831 Patent pursuant to 35 U.S.C. § 271(a).

65.     Upon information and belief, at least since the filing of this Complaint, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, Hulu, AT&T, Cox, and Time Warner, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '831 Patent, including actively inducing infringement of the '831 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '831 Patent under 35 U.S.C. § 271(c).  Such indirect infringements include, without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use, or knowingly contributing to customers' infringing uses of, without any substantial noninfringing use, infringing articles and methods that Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, Hulu, AT&T, Cox, and

-17-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1  Time Warner knew or should have known infringe one or more claims of the '831

2  Patent.

3      66.    As a result of Defendants Google's, YouTube's, Netflix's, Amazon's,

4  Facebook's, Sony's, DISH's, Hulu's, AT&T's, Cox's, and Time Warner's

5  infringement of the '831 Patent, Preservation Technologies has suffered monetary

6  damages that are adequate to compensate it for the infringement under 35 U.S.C. §

7  284, but in no event less than a reasonable royalty.

8      67.    Upon information and belief, Google's, YouTube's, Netflix's,

9  Amazon's, Facebook's, Sony's, DISH's, Hulu's, AT&T's, Cox's, and Time

10  Warner's infringing conduct will continue unless enjoined by this Court, resulting

11  in continuing harm to Plaintiff.

12

13                    **COUNT 5**

14  ***(Direct and indirect infringement of United States Patent No. 6,574,638)***

15      68.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-43 as if

16  set forth in their entirety herein.

17      69.    Preservation Technologies is the owner of all substantial rights and

18  interest to the '638 Patent with the exclusive right to enforce such patent against

19  infringers, and collect damages for all relevant times, including the right to

20  prosecute this action.

21      70.    Upon information and belief, Defendants Google, YouTube, Netflix,

22  Amazon, Facebook, Sony, DISH, and Hulu, without permission of Preservation

23  Technologies, have been and are presently infringing the '638 Patent, as

24  infringement is defined by 35 U.S.C. § 271(a), including though making, using,

25  selling, or offering for sale, and importing methods and articles infringing one or

26  more claims of the '638 Patent.  Defendants Google, YouTube, Netflix, Amazon,

27  Facebook, Sony, DISH, and Hulu are thus liable for direct infringement of the '638

28  Patent pursuant to 35 U.S.C. § 271(a).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-

71.     Upon information and belief, at least since the filing of this Complaint, Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, DISH, and Hulu, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '638 Patent, including actively inducing infringement of the '638 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '638 Patent under 35 U.S.C. § 271(c).  Such indirect infringements include, without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use, or knowingly contributing to customers' infringing uses of, without any substantial noninfringing use, infringing articles and methods that Defendants Google, YouTube, Netflix, Amazon, Facebook, Sony, and Hulu knew or should have known infringe one or more claims of the '638 Patent.

72.     As a result of Defendants Google's, YouTube's, Netflix's, Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringement of the '638 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

73.     Upon information and belief, Google's, YouTube's, Netflix's, Amazon's, Facebook's, Sony's, DISH's, and Hulu's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## COUNT 6

### (Direct and indirect infringement of United States Patent No. 6,199,060)

74.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-43 as if set forth in their entirety herein.

75.     Preservation Technologies is the owner of all substantial rights and interest to the '060 Patent with the exclusive right to enforce such patent against

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-19-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DOCSOC/1545131v1/102298-0001

1  infringers, and collect damages for all relevant times, including the right to

2  prosecute this action.

3      76.   Upon information and belief, Defendants Google, Netflix, Amazon,

4  Facebook, Sony, DISH, AT&T, Cox, and Time Warner without permission of

5  Preservation Technologies, have been and are presently infringing the '060 Patent,

6  as infringement is defined by 35 U.S.C. § 271(a), including though making, using,

7  selling, or offering for sale, and importing methods and articles infringing one or

8  more claims of the '060 Patent.  Defendants Google, Netflix, Amazon, Facebook,

9  Sony, DISH, AT&T, Cox, and Time Warner are thus liable for direct infringement

10 of the '060 Patent pursuant to 35 U.S.C. § 271(a).

11     77.   Upon information and belief, at least since the filing of this

12 Complaint, Defendants Google, Netflix, Amazon, Facebook, Sony, DISH, AT&T,

13 Cox, and Time Warner without the permission of Preservation Technologies, have

14 been and are presently indirectly infringing the '060 Patent, including actively

15 inducing infringement of the '060 Patent under 35 U.S.C. § 271(b) and

16 contributing to infringement of the '060 Patent under 35 U.S.C. § 271(c).  Such

17 indirect infringements include, without limitation, with specific intent to encourage

18 the infringement, knowingly inducing customers to use, or knowingly contributing

19 to customers' infringing uses of, without any substantial noninfringing use,

20 infringing articles and methods that Defendants Google, Netflix, Amazon,

21 Facebook, Sony, DISH, AT&T, Cox, and Time Warner knew or should have

22 known infringe one or more claims of the '060 Patent.

23     78.   As a result of Defendants Google's, Netflix's, Amazon's, Facebook's,

24 Sony's, DISH's, AT&T's, Cox's, and Time Warner's infringement of the '060

25 Patent, Preservation Technologies has suffered monetary damages that are

26 adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no

27 event less than a reasonable royalty.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-20-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1    79.    Upon information and belief, Google's, Netflix's, Amazon's,

2   Facebook's, Sony's, DISH's, AT&T's, Cox's, and Time Warner's infringing

3   conduct will continue unless enjoined by this Court, resulting in continuing harm

4   to Plaintiff.

5

6                              **COUNT 7**

7      *(Direct and indirect infringement of United States Patent No. 5,832,495)*

8    80.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-43 as if

9   set forth in their entirety herein.

10    81.    Preservation Technologies is the owner of all substantial rights and

11   interest to the '495 Patent with the exclusive right to enforce such patent against

12   infringers, and collect damages for all relevant times, including the right to

13   prosecute this action.

14    82.    Upon information and belief, Defendants Google, Netflix, Amazon,

15   Sony, DISH, and Hulu, without permission of Preservation Technologies, have

16   been and are presently infringing the '495 Patent, as infringement is defined by 35

17   U.S.C. § 271(a), including though making, using, selling, or offering for sale, and

18   importing methods and articles infringing one or more claims of the '495 Patent.

19   Defendants Google, Netflix, Amazon, Sony, DISH, and Hulu are thus liable for

20   direct infringement of the '495 Patent pursuant to 35 U.S.C. § 271(a).

21    83.    Upon information and belief, at least since the filing of this

22   Complaint, Defendants Google, Netflix, Amazon, Sony, DISH, and Hulu, without

23   the permission of Preservation Technologies, have been and are presently

24   indirectly infringing the '495 Patent, including actively inducing infringement of

25   the '495 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the

26   '495 Patent under 35 U.S.C. § 271(c).  Such indirect infringements include,

27   without limitation, with specific intent to encourage the infringement, knowingly

28   inducing customers to use, or knowingly contributing to customers' infringing uses

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-21-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1 | of, without any substantial noninfringing use, infringing articles and methods that

2 | Defendants Google, Netflix, Amazon, Sony, and Hulu knew or should have known

3 | infringe one or more claims of the '495 Patent.

4 |     84.    As a result of Defendants Google's, Netflix's, Amazon's, Sony's,

5 | DISH's, and Hulu's infringement of the '495 Patent, Preservation Technologies

6 | has suffered monetary damages that are adequate to compensate it for the

7 | infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

8 |     85.    Upon information and belief, Google's, Netflix's, Amazon's, Sony's,

9 | DISH's, and Hulu's infringing conduct will continue unless enjoined by this Court,

10 | resulting in continuing harm to Plaintiff.

11

12 | **COUNT 8**

13 | ***(Direct and indirect infringement of United States Patent No. 6,549,911)***

14 |     86.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-43 as if

15 | set forth in their entirety herein.

16 |     87.    Preservation Technologies is the owner of all substantial rights and

17 | interest to the '911 Patent with the exclusive right to enforce such patent against

18 | infringers, and collect damages for all relevant times, including the right to

19 | prosecute this action.

20 |     88.    Upon information and belief, Defendants YouTube, Netflix, Amazon,

21 | Sony, DISH, and Hulu, without permission of Preservation Technologies, have

22 | been and are presently infringing the '911 Patent, as infringement is defined by 35

23 | U.S.C. § 271(a), including though making, using, selling, or offering for sale, and

24 | importing methods and articles infringing one or more claims of the '911 Patent.

25 | Defendants YouTube, Netflix, Amazon, Sony, DISH, and Hulu are thus liable for

26 | direct infringement of the '911 Patent pursuant to 35 U.S.C. § 271(a).

27 |     89.    Upon information and belief, at least since the filing of this

28 | Complaint, Defendants YouTube, Netflix, Amazon, Sony, DISH, and Hulu,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-22-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1  without the permission of Preservation Technologies, have been and are presently

2  indirectly infringing the '911 Patent, including actively inducing infringement of

3  the '911 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the

4  '911 Patent under 35 U.S.C. § 271(c).  Such indirect infringements include,

5  without limitation, with specific intent to encourage the infringement, knowingly

6  inducing customers to use, or knowingly contributing to customers' infringing uses

7  of, without any substantial noninfringing use, infringing articles and methods that

8  Defendants YouTube, Netflix, Amazon, Sony, and Hulu knew or should have

9  known infringe one or more claims of the '911 Patent.

10       90.    As a result of Defendants YouTube's, Netflix's, Amazon's, Sony's,

11  DISH's, and Hulu's infringement of the '911 Patent, Preservation Technologies

12  has suffered monetary damages that are adequate to compensate it for the

13  infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

14       91.    Upon information and belief, YouTube's, Netflix's, Amazon's,

15  Sony's, DISH's, and Hulu's infringing conduct will continue unless enjoined by

16  this Court, resulting in continuing harm to Plaintiff.

17

18                              **COUNT 9**

19       ***(Direct and indirect infringement of United States Patent No. 6,212,527)***

20       92.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-43 as if

21  set forth in their entirety herein.

22       93.    Preservation Technologies is the owner of all substantial rights and

23  interest to the '527 Patent with the exclusive right to enforce such patent against

24  infringers, and collect damages for all relevant times, including the right to

25  prosecute this action.

26       94.    Upon information and belief, Defendants Google, YouTube, Netflix,

27  Amazon, Sony, DISH, and Hulu, without permission of Preservation Technologies,

28  have been and are presently infringing the '527 Patent, as infringement is defined

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-23-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001

1   by 35 U.S.C. § 271(a), including though making, using, selling, or offering for

2   sale, and importing methods and articles infringing one or more claims of the '527

3   Patent. Defendants Google, YouTube, Netflix, Amazon, Sony, DISH, and Hulu

4   are thus liable for direct infringement of the '527 Patent pursuant to 35 U.S.C. §

5   271(a).

6       95.   Upon information and belief, at least since the filing of this

7   Complaint, Defendants Google, YouTube, Netflix, Amazon, Sony, DISH, and

8   Hulu, without the permission of Preservation Technologies, have been and are

9   presently indirectly infringing the '527 Patent, including actively inducing

10  infringement of the '527 Patent under 35 U.S.C. § 271(b) and contributing to

11  infringement of the '527 Patent under 35 U.S.C. § 271(c). Such indirect

12  infringements include, without limitation, with specific intent to encourage the

13  infringement, knowingly inducing customers to use, or knowingly contributing to

14  customers' infringing uses of, without any substantial noninfringing use, infringing

15  articles and methods that Defendants Google, YouTube, Netflix, Amazon, Sony,

16  and Hulu knew or should have known infringe one or more claims of the '527

17  Patent.

18      96.   As a result of Defendants Google's, YouTube's, Netflix's, Amazon's,

19  Sony's, DISH's, and Hulu's infringement of the '527 Patent, Preservation

20  Technologies has suffered monetary damages that are adequate to compensate it

21  for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable

22  royalty.

23      97.   Upon information and belief, Google's, YouTube's, Netflix's,

24  Amazon's, Sony's, DISH's, and Hulu's infringing conduct will continue unless

25  enjoined by this Court, resulting in continuing harm to Plaintiff.

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-24-

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1545131v1/102298-0001