ORIGINAL

1  Douglas Q. Hahn, State Bar No. 257559
   dhahn@sycr.com
2  Salil Bali, State Bar No. 263001
   sbali@sycr.com
3  STRADLING YOCCA CARLSON & RAUTH
   660 Newport Center Drive, Suite 1600
4  Newport Beach, CA 92660-6422
   Tel: 949-725-4000
5
   Andrew G. DiNovo (*pro hac vice*)
6  adinovo@dpelaw.com
   Adam G. Price (*pro hac vice*)
7  aprice@dpelaw.com
   DINOVO PRICE ELLWANGER & HARDY LLP
8  7000 North MoPac Expressway, Suite 350
   Austin, TX 78731
9  Tel: 512-539-2626

10 Attorneys for Plaintiff
   Preservation Technologies LLC
11

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 24 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

"BY FAX"

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14                    **SOUTHERN DIVISION**

14 PRESERVATION TECHNOLOGIES         CASE NO.: SACV11-01860 DOC
15 LLC,                              (JPRx)
            Plaintiff,
16                                   **FIFTH AMENDED COMPLAINT**
      vs.                            **FOR PATENT INFRINGEMENT**
17
   NETFLIX, INC.; FACEBOOK, INC.;    **JURY DEMANDED**
18 HULU, LLC; DISH NETWORK
   CORPORATION; AT&T SERVICES,       Complaints Filed: December 2, 2011;
19 INC.; COX COMMUNICATIONS,         February 8, 2012; March 6, 2012; and
   INC.; TIME WARNER CABLE, INC.;    March 28, 2012
20 THE WALT DISNEY COMPANY;
   AMERICAN BROADCASTING
21 COMPANIES, INC.; AND YAHOO!
   INC.
22
            Defendants.
23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

Plaintiff Preservation Technologies LLC ("Preservation Technologies" or "Plaintiff") alleges as follows:

## THE PARTIES

1.    Plaintiff Preservation Technologies is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 874 Walker Road, Suite C, Dover, Delaware 19904.

2.    Upon information and belief, Netflix, Inc. ("Netflix") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 100 Winchester Circle, Los Gatos, California 95032. Netflix can be served with process by serving its registered agent for service of process in the State of California, National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, California 92606.

3.    Upon information and belief, Facebook, Inc. ("Facebook") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 1601 S. California Avenue, Palo Alto, California 94304. Facebook can be served with process by serving its registered agent for service of process in the State of California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

4.    Upon information and belief, Hulu, LLC ("Hulu") is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business located at 12312 W. Olympia Blvd, Los Angeles, California 90064. Hulu can be served with process by serving its registered agent for service

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1   of process in the State of Delaware, The Prentice-Hall Corporation System, Inc.,

2   2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

3

4        5.     Upon information and belief, DISH Network Corporation ("DISH") is

5   a corporation organized and existing under the laws of the State of Nevada, with a

6   place of business located at 9601 S. Meridian Boulevard, Englewood, Colorado

7   80112. DISH can be served with process by serving its registered agent for service

8   of process in the State of Colorado, R. Stanton Dodge, 9601 S. Meridian

9   Boulevard, Englewood, Colorado 80112.

10

11        6.     Upon information and belief, AT&T Services, Inc. ("AT&T") is a

12   corporation organized and existing under the laws of the State of Delaware, with a

13   principal place of business at 1010 N. St. Mary's St., Rm. 9-002, San Antonio TX

14   78215. AT&T Services, Inc. can be served with process by serving its registered

15   agent for service of process in the State of California, C T Corporation System,

16   818 W. Seventh St., Los Angeles, CA 90017.

17

18        7.     Upon information and belief, Cox Communications, Inc. ("Cox") is a

19   corporation organized and existing under the laws of the State of Delaware, with a

20   place of business located at 1400 Lake Hearn Dr., Mail Stop CP-12, Atlanta,

21   Georgia 30319. Cox can be served with process by serving its registered agent for

22   service of process in the State of Delaware, Corporation Service Company, 2711

23   Centerville Road, Suite 400, Wilmington, Delaware 19808.

24

25        8.     Upon information and belief, Time Warner Cable, Inc. ("Time

26   Warner") is a corporation organized and existing under the laws of the State of

27   Delaware, with a place of business located at 60 Columbus Circle, New York, New

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

DOCSOC/1561421v1/102298-0001

1  York 10023.  Time Warner can be served with process by serving its registered

2  agent for service of process in the State of Delaware, The Corporation Trust

3  Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware

4  19801.

5

6      9.      Upon information and belief, The Walt Disney Company ("Disney")

7  is a corporation organized and existing under the laws of the State of Delaware,

8  with a place of business located at 500 South Buena Vista Street, Burbank,

9  California 91521.  Disney can be served with process by serving its registered

10  agent for service of process in the State of California, Marsha L. Reed, 500 South

11  Buena Vista Street, Burbank, California 91521.

12

13      10.     Upon information and belief, American Broadcasting Companies, Inc.

14  ("ABC") is a corporation organized and existing under the laws of the State of

15  Delaware, with a place of business located at 77 West 66th Street, New York, New

16  York 10023-6201.  ABC can be served with process by serving its registered agent

17  for service of process in the State of California, CSC – Lawyers Incorporating

18  Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

19

20      11.     Upon information and belief, Yahoo! Inc. ("Yahoo") is a corporation

21  organized and existing under the laws of the State of Delaware, with a place of

22  business located at 701 First Avenue, Sunnyvale, California 94089.  Yahoo can be

23  served with process by serving its registered agent for service of process in the

24  State of California, C T Corporation System, 818 W. Seventh. Street, Los Angeles,

25  California 90017.

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    12.    Collectively Netflix, Facebook, Hulu, DISH, AT&T, Cox, Time

2  Warner, Disney, ABC, and Yahoo are "Defendants."

3

4                        **JURISDICTION AND VENUE**

5    13.    This is an action for infringement of United States patents arising

6  under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject

7  matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

8

9    14.    Upon information and belief, personal jurisdiction by this Court over

10  Defendants is proper based upon their residence within the State of California and

11  also Defendants having regularly conducted business, including the acts

12  complained of herein, within the State of California and this judicial district and/or

13  deriving substantial revenue from goods and services provided to individuals in

14  California and in this judicial district.

15

16    15.    Venue properly lies in this district under the provisions of 28 U.S.C.

17  § 1391 because Defendants resides in the district, because Defendants have

18  purposely and repeatedly availed themselves of the privilege of doing business

19  within the district, and because a substantial part of the events giving rise to the

20  claims herein occurred in this district.

21

22                        **THE PATENTS-IN-SUIT**

23    16.    On September 22, 1998, United States Patent No. 5,813,014 ("the

24  '014 Patent") was duly and legally issued for a "Method and Apparatus for

25  Management of Multimedia Assets."  The invention disclosed by the '014 patent is

26  a generalized solution for management of multimedia assets comprising interfaces

27  between various components of a multimedia system.  These interfaces provide for

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1 | communication between the components to accomplish searching for and
2 | retrieving multimedia assets.  A true and correct copy of the '014 Patent is attached
3 | hereto as Exhibit "A."

4

5 |     17.    On November 3, 1998, United States Patent No. 5,832,499 ("the '499
6 | Patent") was duly and legally issued for a "Digital Library System."  The invention
7 | disclosed by the '499 patent relates to a digital library system that includes systems
8 | and mechanisms for capturing, managing, and distributing multimedia data.  A true
9 | and correct copy of the '499 Patent is attached hereto as Exhibit "B."

10

11 |     18.    On July 18, 2000, United States Patent No. 6,092,080 ("the '080
12 | Patent") was duly and legally issued for a "Digital Library System."  The invention
13 | disclosed by the '080 patent relates to a digital library system that includes systems
14 | and mechanisms for capturing, managing, and distributing multimedia data.  A true
15 | and correct copy of the '080 Patent is attached hereto as Exhibit "C."

16

17 |     19.    On March 5, 2002, United States Patent No. 6,353,831 ("the '831
18 | Patent") was duly and legally issued for a "Digital Library System."  The invention
19 | disclosed by the '831 patent relates to a digital library system that includes systems
20 | and mechanisms for capturing, managing, and distributing multimedia data.  A true
21 | and correct copy of the '831 Patent is attached hereto as Exhibit "D."

22

23 |     20.    On June 3, 2003, United States Patent No. 6,574,638 ("the '638
24 | Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing
25 | Multimedia Data Using Surveying Data."  The invention disclosed by the '638
26 | patent relates to a method and apparatus in which survey data collected from
27 | different survey versions may be retained in a database and used to catalog

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    multimedia data.  A true and correct copy of the '638 Patent is attached hereto as
2    Exhibit "E."

3

4         21.    On March 6, 2001, United States Patent No. 6,199,060 ("the '060
5    Patent") was duly and legally issued for a "Method and Apparatus Management of
6    Multimedia Assets."  The invention disclosed by the '060 patent relates to a
7    generalized solution for management of multimedia assets comprising interfaces
8    between various components of a multimedia system.  These interfaces provide for
9    communication between the components to accomplish searching for and
10   retrieving multimedia assets.  A true and correct copy of the '060 Patent is attached
11   hereto as Exhibit "F."

12

13        22.    On November 3, 1998, United States Patent No. 5,832,495 ("the '495
14   Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing
15   Multimedia Data."  The invention disclosed by the '495 patent relates to
16   cataloguing of data such as multimedia data.  It comprises a catalog including one
17   or more catalog elements, each of which has one or more attributes.  These
18   attributes may be used to build one or more indices that can be used to facilitate
19   catalog access.  A true and correct copy of the '495 Patent is attached hereto as
20   Exhibit "G."

21

22        23.    On April 15, 2003, United States Patent No. 6,549,911 ("the '911
23   Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing
24   Multimedia Data."  The invention disclosed by the '911 patent relates to
25   cataloguing of data such as multimedia data.  It comprises a catalog including one
26   or more catalog elements, each of which has one or more attributes.  These
27   attributes may be used to build one or more indices that can be used to facilitate
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    catalog access.  A true and correct copy of the '911 Patent is attached hereto as
2    Exhibit "H."

3

4        24.    On April 3, 2001, United States Patent No. 6,212,527 ("the '527
5    Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing
6    Multimedia Data."  The invention disclosed by the '527 patent relates to
7    cataloguing of data such as multimedia data.  It comprises a catalog including one
8    or more catalog elements, each of which has one or more attributes.  These
9    attributes may be used to build one or more indices that can be used to facilitate
10   catalog access.  A true and correct copy of the '527 Patent is attached hereto as
11   Exhibit "I."

12

13       25.    On June 17, 2003, United States Patent No. 6,581,071 ("the '071
14   Patent") was duly and legally issued for a "Surveying System and Method."  The
15   invention disclosed by the '071 patent relates to a method and apparatus in which
16   survey data collected from different survey versions may be retained in a database
17   and used to catalog multimedia data.  A true and correct copy of the '071 Patent is
18   attached hereto as Exhibit "J."

19

20       26.    On February 22, 2001, United States Patent No. 6,477,537 ("the '537
21   Patent") was duly and legally issued for a "Method and Apparatus for Management
22   of Multimedia Assets."  The invention disclosed by the '537 patent relates to a
23   generalized solution for management of multimedia assets comprising interfaces
24   between various components of a multimedia system.  These interfaces provide for
25   communication between the components to accomplish searching for and
26   retrieving multimedia assets.  A true and correct copy of the '537 Patent is attached

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1  hereto as Exhibit "K." All of the foregoing are collectively referred to herein as
2  the "Patents."

3

4  ## BACKGROUND

5  27.   The USC Shoah Foundation developed the patented technology. Its
6  impetus was to gather, catalog and make available for access thousands of video
7  testimonies. In January 2006, the Survivors of the Shoah Visual History
8  Foundation became part of the Dana and David Dornsife College of Letters, Arts
9  and Sciences at the University of Southern California in Los Angeles, where the
10 testimonies in the Visual History Archive are preserved.

11

12  28.   Preservation Technologies has all substantial rights and interest to the
13 Patents-in-Suit, including all rights to recover for all past and future infringements
14 thereof.

15

16  ## DEFENDANTS' ACTS

17  **Netflix**

18  29.   Netflix manufactures, provides, sells, offers for sale, and/or distributes
19 infringing systems. The infringing Netflix systems and methods include, but are
20 not limited to, systems and methods relating to the cataloguing, organizing,
21 searching, rating, and provisioning of digital multimedia data, including but not
22 limited to Netflix's internet subscription service for streaming movies and
23 television shows, and related products. In addition to the foregoing, Netflix also
24 provides related services, specifications, and instructions for the installation and
25 operation of such systems to its customers. Netflix acquired knowledge of the
26 Patents at least through the filing of prior complaints in this action and direct

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1   notice and communication with Plaintiff, including notice communicated to

2   Netflix's counsel of record on April 4, 2012.

3

4   **Facebook**

5       30.    Facebook manufactures, provides, sells, offers for sale, and/or

6   distributes infringing systems.  The infringing Facebook systems and methods

7   include, but are not limited to, systems and methods relating to the cataloguing,

8   organizing, searching, rating, and provisioning of digital multimedia data,

9   including but not limited to the foregoing services on Facebook.com through the

10  cataloguing, organizing, searching, rating, and provisioning of user videos, and

11  related products.  In addition to the foregoing, Facebook also provides related

12  services, specifications, and instructions for the installation and operation of such

13  systems to its customers.  Facebook acquired knowledge of the Patents at least

14  through the filing of prior complaints in this action and direct notice and

15  communication with Plaintiff, including notice communicated to Facebook's

16  counsel of record on April 4, 2012.

17

18  **DISH**

19      31.    DISH manufactures, provides, sells, offers for sale, and/or distributes

20  infringing systems.  The infringing DISH systems and methods include, but are not

21  limited to, systems and methods relating to the cataloguing, organizing, searching,

22  rating, and provisioning of digital multimedia data, including but not limited to the

23  foregoing services on Blockbuster On-Demand (www.blockbuster.com/download),

24  DISH Network television, DISH Online, and related products.  In addition to the

25  foregoing, DISH also provides related services, specifications, and instructions for

26  the installation and operation of such systems to its customers.  DISH acquired

27  knowledge of the Patents at least through the filing of prior complaints in this

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    action and direct notice and communication with Plaintiff, including notice
2    communicated to DISH's counsel of record on April 4, 2012.
3
4    **Hulu**
5        32.    Hulu manufactures, provides, sells, offers for sale, and/or distributes
6    infringing systems. The infringing Hulu systems and methods include, but are not
7    limited to, systems and methods relating to the cataloguing, organizing, searching,
8    rating, and provisioning of digital multimedia data, including but not limited to the
9    foregoing services on Hulu.com, Hulu Plus, Hulu apps, and related products. In
10   addition to the foregoing, Hulu also provides related services, specifications, and
11   instructions for the installation and operation of such systems to its customers.
12   Hulu acquired knowledge of the Patents at least through the filing of prior
13   complaints in this action and direct notice and communication with Plaintiff,
14   including notice communicated to Hulu's counsel of record on April 4, 2012.
15
16   **AT&T**
17       33.    AT&T manufactures, provides, sells, offers for sale, and/or distributes
18   infringing systems. The infringing AT&T systems and methods include, but are
19   not limited to, systems and methods relating to the cataloguing, organizing,
20   searching, rating, and provisioning of digital multimedia data, including but not
21   limited to U-Verse cable and online video services, and AT&T's U-Verse Total
22   Home (multi-room) DVR service that incorporates at least a portion of the UPnP
23   standard, MOCA technology, and the Cable Labs Home Networking Standard. In
24   addition to the foregoing, AT&T also provides related services, specifications, and
25   instructions for the installation and operation of such systems to its customers.
26   AT&T acquired knowledge of the Patents at least through its own prosecution
27   activities, in which the Patents were cited against its own filings as prior art,

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1  through the filing of prior complaints in this action and direct notice and

2  communication with Plaintiff, including notice communicated to AT&T's counsel

3  of record on April 4, 2012.

4

5  **Cox**

6      34.    Cox manufactures, provides, sells, offers for sale, and/or distributes

7  infringing systems.  The infringing Cox systems and methods include, but are not

8  limited to, systems and methods relating to the cataloguing, organizing, searching,

9  rating, and provisioning of digital multimedia data, including but not limited to

10  Cox's digital cable and TV Online services, and Cox's Whole Home (multi-room)

11  DVR service that incorporates at least a portion of the UPnP standard, MOCA

12  technology, and the Cable Labs Home Networking Standard.  In addition to the

13  foregoing, Cox also provides related services, specifications, and instructions for

14  the installation and operation of such systems to its customers.  Cox acquired

15  knowledge of the Patents at least through the filing of prior complaints in this

16  action and direct notice and communication with Plaintiff, including notice

17  communicated to Cox's counsel of record on April 4, 2012.

18

19  **Time Warner**

20      35.    Time Warner manufactures, provides, sells, offers for sale, and/or

21  distributes infringing systems.  The infringing Time Warner systems and methods

22  include, but are not limited to, systems and methods relating to the cataloguing,

23  organizing, searching, rating, and provisioning of digital multimedia data,

24  including but not limited to Time Warner's Digital TV and online video services

25  (video.timewarnercable.com), as well as Time Warner's Whole House (multi-

26  room) DVR service that incorporates at least a portion of the UPnP standard,

27  MOCA technology, and the Cable Labs Home Networking Standard.  In addition

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-

DOCSOC/1561421v1/102298-0001

1   to the foregoing, Time Warner also provides related services, specifications, and

2   instructions for the installation and operation of such systems to its customers.

3   Time Warner acquired knowledge of the Patents at least through the filing of prior

4   complaints in this action and direct notice and communication with Plaintiff,

5   including notice communicated to Time Warner's counsel of record on April 4,

6   2012.

7

8       **Disney**

9       36.   Disney manufactures, provides, sells, offers for sale, and/or distributes

10  infringing systems.  The infringing Disney systems and methods include, but are

11  not limited to, systems and methods relating to the cataloguing, organizing,

12  searching, rating, and provisioning of digital multimedia data, including but not

13  limited to Disney's online video services available at disneymoviesonline.go.com.

14  In addition to the foregoing, Disney also provides related services, specifications,

15  and instructions for the installation and operation of such systems to its customers.

16  Disney acquired knowledge of the Patents at least through the filing of this

17  complaint and direct notice and communication with Plaintiff, including notice

18  communicated to Disney's general counsel on May 11, 2012.

19

20      **ABC**

21      37.   ABC manufactures, provides, sells, offers for sale, and/or distributes

22  infringing systems.  The infringing ABC systems and methods include, but are not

23  limited to, systems and methods relating to the cataloguing, organizing, searching,

24  rating, and provisioning of digital multimedia data, including but not limited to

25  ABC's online video services available at abc.com and abc.go.com.  In addition to

26  the foregoing, ABC also provides related services, specifications, and instructions

27  for the installation and operation of such systems to its customers.  ABC acquired

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1  knowledge of the Patents at least through the filing of this complaint and direct
2  notice and communication with Plaintiff, including notice communicated to ABC's
3  general counsel on May 11, 2012.

4

5  **Yahoo**

6      38.    Yahoo manufactures, provides, sells, offers for sale, and/or distributes
7  infringing systems.  The infringing Yahoo systems and methods include, but are
8  not limited to, systems and methods relating to the cataloguing, organizing,
9  searching, rating, and provisioning of digital multimedia data, including but not
10  limited to Yahoo's online video services available at screen.yahoo.com and
11  movies.yahoo.com.  In addition to the foregoing, Yahoo also provides related
12  services, specifications, and instructions for the installation and operation of such
13  systems to its customers.  Yahoo acquired knowledge of the Patents at least
14  through the filing of this complaint and direct notice and communication with
15  Plaintiff, including notice communicated to Yahoo's general counsel on May 10,
16  2012.

17

18                                       **WILLFULNESS**

19      39.    At least AT&T acquired knowledge of one or more of the patents-in-
20  suit prior to this lawsuit being filed.  AT&T acquired knowledge of certain of the
21  Patents at least through its own patent prosecution activities.  Accordingly, at least
22  AT&T is knowingly or with reckless disregard willfully infringing those Patents of
23  which it was made aware prior to this lawsuit being filed.  At least AT&T acted
24  despite an objectively high likelihood that its actions constituted infringement of
25  Plaintiff Preservation Technologies' valid patent rights.  This objectively-defined
26  risk was either known or so obvious that it should have been known to AT&T.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

40.     The infringement by at least AT&T is willful, thus entitling Plaintiff Preservation Technologies to the recovery of treble damages pursuant to 35 U.S.C. § 284.

## COUNT 1

### *(Direct and indirect infringement of United States Patent No. 5,813,014)*

41.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if set forth in their entirety herein.

42.     Preservation Technologies is the owner of all substantial rights and interest to the '014 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

43.     Upon information and belief, Defendants Netflix, Facebook, Hulu, DISH, Disney, ABC, and Yahoo, without permission of Preservation Technologies, have been and are presently infringing the '014 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '014 Patent.  Defendants Netflix, Facebook, Hulu, DISH, Disney, ABC, and Yahoo are thus liable for direct infringement of the '014 Patent pursuant to 35 U.S.C. § 271(a).

44.     Upon information and belief, at least since the filing of this Complaint, Defendants Netflix, Facebook, Hulu, DISH, Disney, ABC, and Yahoo, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '014 Patent, including actively inducing infringement of

-14-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DOCSOC/1561421v1/102298-0001

1   the '014 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the

2   '014 Patent under 35 U.S.C. § 271(c). Such indirect infringements include,

3   without limitation, with specific intent to encourage the infringement, knowingly

4   inducing customers to use, or knowingly contributing to customers' infringing uses

5   of, without any substantial noninfringing use, infringing articles and methods that

6   Defendants Netflix, Facebook, Hulu, DISH, Disney, ABC, and Yahoo knew

7   infringe or demonstrated willful blindness with respect to infringement of one or

8   more claims of the '014 Patent.

9

10      45.     As a result of Defendants Netflix's, Facebook's, Hulu's, DISH's,

11  Disney's, ABC's, and Yahoo's infringement of the '014 Patent, Preservation

12  Technologies has suffered monetary damages that are adequate to compensate it

13  for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable

14  royalty.

15

16      46.     Upon information and belief, Netflix's, Facebook's, Hulu's, DISH's,

17  Disney's, ABC's, and Yahoo's infringing conduct will continue unless enjoined by

18  this Court, resulting in continuing harm to Plaintiff.

19

20                                **COUNT 2**

21      *(Direct and indirect infringement of United States Patent No. 5,832,499)*

22      47.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if

23  set forth in their entirety herein.

24

25      48.     Preservation Technologies is the owner of all substantial rights and

26  interest to the '499 Patent with the exclusive right to enforce such patent against

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    infringers, and collect damages for all relevant times, including the right to

2    prosecute this action.

3

4        49.    Upon information and belief, Defendants Netflix, Hulu, DISH,

5    AT&T, Time Warner, Disney, ABC, and Yahoo, without permission of

6    Preservation Technologies, have been and are presently infringing the '499 Patent,

7    as infringement is defined by 35 U.S.C. § 271(a), including though making, using,

8    selling, or offering for sale, and importing methods and articles infringing one or

9    more claims of the '499 Patent.  Defendants Netflix, Hulu, DISH, AT&T, Time

10   Warner, Disney, ABC, and Yahoo are thus liable for direct infringement of the

11   '499 Patent pursuant to 35 U.S.C. § 271(a).

12

13       50.    Upon information and belief, at least since the filing of this

14   Complaint, Defendants Netflix, Hulu, DISH, AT&T, Time Warner, Disney, ABC,

15   and Yahoo, without the permission of Preservation Technologies, have been and

16   are presently indirectly infringing the '499 Patent, including actively inducing

17   infringement of the '499 Patent under 35 U.S.C. § 271(b) and contributing to

18   infringement of the '499 Patent under 35 U.S.C. § 271(c).  Such indirect

19   infringements include, without limitation, with specific intent to encourage the

20   infringement, knowingly inducing customers to use, or knowingly contributing to

21   customers' infringing uses of, without any substantial noninfringing use, infringing

22   articles and methods that Defendants Netflix, Hulu, DISH, AT&T, Time Warner,

23   Disney, ABC, and Yahoo knew infringe or demonstrated willful blindness with

24   respect to infringement of one or more claims of the '499 Patent.

25

26       51.    As a result of Defendants Netflix's, Hulu's, DISH's, AT&T's, Time

27   Warner's, Disney's, ABC's, and Yahoo's infringement of the '499 Patent,

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    Preservation Technologies has suffered monetary damages that are adequate to

2    compensate it for the infringement under 35 U.S.C. § 284, but in no event less than

3    a reasonable royalty.

4

5        52.    Upon information and belief, Netflix's, Hulu's, DISH's, AT&T's,

6    Time Warner's, Disney's, ABC's, and Yahoo's infringing conduct will continue

7    unless enjoined by this Court, resulting in continuing harm to Plaintiff.

8

9                              **COUNT 3**

10   *(Direct and indirect infringement of United States Patent No. 6,092,080)*

11       53.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if

12   set forth in their entirety herein.

13

14       54.    Preservation Technologies is the owner of all substantial rights and

15   interest to the '080 Patent with the exclusive right to enforce such patent against

16   infringers, and collect damages for all relevant times, including the right to

17   prosecute this action.

18

19       55.    Upon information and belief, Defendants Netflix, Facebook, Hulu,

20   DISH, AT&T, Cox, Time Warner, Disney, ABC, and Yahoo, without permission

21   of Preservation Technologies, have been and are presently infringing the '080

22   Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making,

23   using, selling, or offering for sale, and importing methods and articles infringing

24   one or more claims of the '080 Patent.  Defendants Netflix, Facebook, Hulu,

25   DISH, AT&T, Cox, Time Warner, Disney, ABC, and Yahoo are thus liable for

26   direct infringement of the '080 Patent pursuant to 35 U.S.C. § 271(a).

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

56.     Upon information and belief, at least since the filing of this Complaint, Defendants Netflix, Facebook, Hulu, DISH, AT&T, Cox, Time Warner, Disney, ABC, and Yahoo, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '080 Patent, including actively inducing infringement of the '080 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '080 Patent under 35 U.S.C. § 271(c).  Such indirect infringements include, without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use, or knowingly contributing to customers' infringing uses of, without any substantial noninfringing use, infringing articles and methods that Netflix, Facebook, Hulu, DISH, AT&T, Cox, Time Warner, Disney, ABC, and Yahoo knew infringe or demonstrated willful blindness with respect to infringement of one or more claims of the '080 Patent.

57.     As a result of Defendants Netflix's, Facebook's, Hulu's, DISH's, AT&T's, Cox's, Time Warner's, Disney's, ABC's, and Yahoo's infringement of the '080 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

58.     Upon information and belief, Netflix's, Facebook's, Hulu's, DISH's, AT&T's, Cox's, Time Warner's, Disney's, ABC's, and Yahoo's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-

### COUNT 4

*(Direct and indirect infringement of United States Patent No. 6,353,831)*

59.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if set forth in their entirety herein.

60.     Preservation Technologies is the owner of all substantial rights and interest to the '831 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

61.     Upon information and belief, Defendants Netflix, Facebook, Hulu, DISH, AT&T, Cox, Time Warner, Disney, ABC, and Yahoo, without permission of Preservation Technologies, have been and are presently infringing the '831 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '831 Patent.  Defendants Netflix, Facebook, Hulu, DISH, AT&T, Cox, Time Warner, Disney, ABC, and Yahoo are thus liable for direct infringement of the '831 Patent pursuant to 35 U.S.C. § 271(a).

62.     Upon information and belief, at least since the filing of this Complaint, Defendants Netflix, Facebook, Hulu, DISH, AT&T, Cox, Time Warner, Disney, ABC, and Yahoo, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '831 Patent, including actively inducing infringement of the '831 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '831 Patent under 35 U.S.C. § 271(c).  Such indirect infringements include, without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use, or

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-19-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    knowingly contributing to customers' infringing uses of, without any substantial

2    noninfringing use, infringing articles and methods that Defendants Netflix,

3    Facebook, Hulu, DISH, AT&T, Cox, Time Warner, Disney, ABC, and Yahoo

4    knew infringe or demonstrated willful blindness with respect to infringement of

5    one or more claims of the '831 Patent.

6

7        63.    As a result of Defendants Netflix's, Facebook's, Hulu's, DISH's,

8    AT&T's, Cox's, Time Warner's, Disney's, ABC's, and Yahoo's infringement of

9    the '831 Patent, Preservation Technologies has suffered monetary damages that are

10    adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no

11    event less than a reasonable royalty.

12

13        64.    Upon information and belief, Netflix's, Facebook's, Hulu's, DISH's,

14    AT&T's, Cox's, Time Warner's, Disney's, ABC's, and Yahoo's infringing

15    conduct will continue unless enjoined by this Court, resulting in continuing harm

16    to Plaintiff.

17

18                      **COUNT 5**

19      *(Direct and indirect infringement of United States Patent No. 6,574,638)*

20        65.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if

21    set forth in their entirety herein.

22

23        66.    Preservation Technologies is the owner of all substantial rights and

24    interest to the '638 Patent with the exclusive right to enforce such patent against

25    infringers, and collect damages for all relevant times, including the right to

26    prosecute this action.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-20-

1      67.    Upon information and belief, Defendants Netflix, Facebook, Hulu,

2    and DISH, without permission of Preservation Technologies, have been and are

3    presently infringing the '638 Patent, as infringement is defined by 35 U.S.C. §

4    271(a), including though making, using, selling, or offering for sale, and importing

5    methods and articles infringing one or more claims of the '638 Patent.  Defendants

6    Netflix, Facebook, Hulu, and DISH are thus liable for direct infringement of the

7    '638 Patent pursuant to 35 U.S.C. § 271(a).

8

9      68.    Upon information and belief, at least since the filing of this

10   Complaint, Defendants Netflix, Facebook, Hulu, and DISH, without the

11   permission of Preservation Technologies, have been and are presently indirectly

12   infringing the '638 Patent, including actively inducing infringement of the '638

13   Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '638

14   Patent under 35 U.S.C. § 271(c).  Such indirect infringements include, without

15   limitation, with specific intent to encourage the infringement, knowingly inducing

16   customers to use, or knowingly contributing to customers' infringing uses of,

17   without any substantial noninfringing use, infringing articles and methods that

18   Defendants Netflix, Facebook, Hulu, and DISH knew infringe or demonstrated

19   willful blindness with respect to infringement of one or more claims of the '638

20   Patent.

21

22     69.    As a result of Defendants Netflix's, Facebook's, Hulu's, and DISH's,

23   infringement of the '638 Patent, Preservation Technologies has suffered monetary

24   damages that are adequate to compensate it for the infringement under 35 U.S.C. §

25   284, but in no event less than a reasonable royalty.

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-21-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    70.    Upon information and belief, Netflix's, Facebook's, Hulu's, and

2  DISH's, infringing conduct will continue unless enjoined by this Court, resulting in

3  continuing harm to Plaintiff.

4

5                              **COUNT 6**

6    *(Direct and indirect infringement of United States Patent No. 6,199,060)*

7    71.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if

8  set forth in their entirety herein.

9

10    72.    Preservation Technologies is the owner of all substantial rights and

11  interest to the '060 Patent with the exclusive right to enforce such patent against

12  infringers, and collect damages for all relevant times, including the right to

13  prosecute this action.

14

15    73.    Upon information and belief, Defendants Netflix, Facebook, DISH,

16  AT&T, Cox, and Time Warner without permission of Preservation Technologies,

17  have been and are presently infringing the '060 Patent, as infringement is defined

18  by 35 U.S.C. § 271(a), including though making, using, selling, or offering for

19  sale, and importing methods and articles infringing one or more claims of the '060

20  Patent.  Defendants Netflix, Facebook, DISH, AT&T, Cox, and Time Warner are

21  thus liable for direct infringement of the '060 Patent pursuant to 35 U.S.C. §

22  271(a).

23

24    74.    Upon information and belief, at least since the filing of this

25  Complaint, Defendants Netflix, Facebook, DISH, AT&T, Cox, and Time Warner

26  without the permission of Preservation Technologies, have been and are presently

27  indirectly infringing the '060 Patent, including actively inducing infringement of

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-22-

DOCSOC/1561421v1/102298-0001

1  the '060 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the

2  '060 Patent under 35 U.S.C. § 271(c).  Such indirect infringements include,

3  without limitation, with specific intent to encourage the infringement, knowingly

4  inducing customers to use, or knowingly contributing to customers' infringing uses

5  of, without any substantial noninfringing use, infringing articles and methods that

6  Defendants Netflix, Facebook, DISH, AT&T, Cox, and Time Warner knew

7  infringe or demonstrated willful blindness with respect to infringement of one or

8  more claims of the '060 Patent.

9

10      75.    As a result of Defendants Netflix's, Facebook's, DISH's, AT&T's,

11  Cox's, and Time Warner's infringement of the '060 Patent, Preservation

12  Technologies has suffered monetary damages that are adequate to compensate it

13  for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable

14  royalty.

15

16      76.    Upon information and belief, Netflix's, Facebook's, DISH's,

17  AT&T's, Cox's, and Time Warner's infringing conduct will continue unless

18  enjoined by this Court, resulting in continuing harm to Plaintiff.

19

20                          **COUNT 7**

21    *(Direct and indirect infringement of United States Patent No. 5,832,495)*

22      77.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if

23  set forth in their entirety herein.

24

25      78.    Preservation Technologies is the owner of all substantial rights and

26  interest to the '495 Patent with the exclusive right to enforce such patent against

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-23-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1 infringers, and collect damages for all relevant times, including the right to
2 prosecute this action.

3

4      79.    Upon information and belief, Defendants Netflix, Hulu, DISH, ABC,
5 and Yahoo, without permission of Preservation Technologies, have been and are
6 presently infringing the '495 Patent, as infringement is defined by 35 U.S.C. §
7 271(a), including though making, using, selling, or offering for sale, and importing
8 methods and articles infringing one or more claims of the '495 Patent. Defendants
9 Netflix, Hulu, DISH, ABC, and Yahoo are thus liable for direct infringement of the
10 '495 Patent pursuant to 35 U.S.C. § 271(a).

11

12      80.    Upon information and belief, at least since the filing of this
13 Complaint, Defendants Netflix, Hulu, DISH, ABC, and Yahoo, without the
14 permission of Preservation Technologies, have been and are presently indirectly
15 infringing the '495 Patent, including actively inducing infringement of the '495
16 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '495
17 Patent under 35 U.S.C. § 271(c). Such indirect infringements include, without
18 limitation, with specific intent to encourage the infringement, knowingly inducing
19 customers to use, or knowingly contributing to customers' infringing uses of,
20 without any substantial noninfringing use, infringing articles and methods that
21 Defendants Netflix, Hulu, DISH, ABC, and Yahoo knew infringe or demonstrated
22 willful blindness with respect to infringement of one or more claims of the '495
23 Patent.

24

25      81.    As a result of Defendants Netflix's, Hulu's, DISH's, ABC's, and
26 Yahoo's infringement of the '495 Patent, Preservation Technologies has suffered

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-24-

1     monetary damages that are adequate to compensate it for the infringement under

2     35 U.S.C. § 284, but in no event less than a reasonable royalty.

3

4         82.     Upon information and belief, Netflix's, Hulu's, DISH's, ABC's, and

5     Yahoo's infringing conduct will continue unless enjoined by this Court, resulting

6     in continuing harm to Plaintiff.

7

8                        **COUNT 8**

9     ***(Direct and indirect infringement of United States Patent No. 6,549,911)***

10        83.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if

11     set forth in their entirety herein.

12

13        84.     Preservation Technologies is the owner of all substantial rights and

14     interest to the '911 Patent with the exclusive right to enforce such patent against

15     infringers, and collect damages for all relevant times, including the right to

16     prosecute this action.

17

18        85.     Upon information and belief, Defendants Netflix, Hulu, DISH, ABC,

19     and Yahoo, without permission of Preservation Technologies, have been and are

20     presently infringing the '911 Patent, as infringement is defined by 35 U.S.C. §

21     271(a), including though making, using, selling, or offering for sale, and importing

22     methods and articles infringing one or more claims of the '911 Patent.  Defendants

23     Netflix, Hulu, DISH, ABC, and Yahoo are thus liable for direct infringement of the

24     '911 Patent pursuant to 35 U.S.C. § 271(a).

25

26        86.     Upon information and belief, at least since the filing of this

27     Complaint, Defendants Netflix, Hulu, DISH, ABC, and Yahoo, without the

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-25-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1   permission of Preservation Technologies, have been and are presently indirectly

2   infringing the '911 Patent, including actively inducing infringement of the '911

3   Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '911

4   Patent under 35 U.S.C. § 271(c).  Such indirect infringements include, without

5   limitation, with specific intent to encourage the infringement, knowingly inducing

6   customers to use, or knowingly contributing to customers' infringing uses of,

7   without any substantial noninfringing use, infringing articles and methods that

8   Defendants Netflix, Hulu, DISH, ABC, and Yahoo knew infringe or demonstrated

9   willful blindness with respect to infringement of one or more claims of the '911

10  Patent.

11

12      87.   As a result of Defendants Netflix's, Hulu's, DISH's, ABC's, and

13  Yahoo's infringement of the '911 Patent, Preservation Technologies has suffered

14  monetary damages that are adequate to compensate it for the infringement under

15  35 U.S.C. § 284, but in no event less than a reasonable royalty.

16

17      88.   Upon information and belief, Netflix's, Hulu's, DISH's, ABC's, and

18  Yahoo's infringing conduct will continue unless enjoined by this Court, resulting

19  in continuing harm to Plaintiff.

20

21                           **COUNT 9**

22      *(Direct and indirect infringement of United States Patent No. 6,212,527)*

23      89.   Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if

24  set forth in their entirety herein.

25

26      90.   Preservation Technologies is the owner of all substantial rights and

27  interest to the '527 Patent with the exclusive right to enforce such patent against

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-26-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1  infringers, and collect damages for all relevant times, including the right to
2  prosecute this action.

3

4       91.    Upon information and belief, Defendants Netflix, Hulu, and DISH,
5  without permission of Preservation Technologies, have been and are presently
6  infringing the '527 Patent, as infringement is defined by 35 U.S.C. § 271(a),
7  including though making, using, selling, or offering for sale, and importing
8  methods and articles infringing one or more claims of the '527 Patent. Defendants
9  Netflix, Hulu, and DISH are thus liable for direct infringement of the '527 Patent
10 pursuant to 35 U.S.C. § 271(a).

11

12      92.    Upon information and belief, at least since the filing of this
13 Complaint, Defendants Netflix, Hulu, and DISH, without the permission of
14 Preservation Technologies, have been and are presently indirectly infringing the
15 '527 Patent, including actively inducing infringement of the '527 Patent under 35
16 U.S.C. § 271(b) and contributing to infringement of the '527 Patent under 35
17 U.S.C. § 271(c). Such indirect infringements include, without limitation, with
18 specific intent to encourage the infringement, knowingly inducing customers to
19 use, or knowingly contributing to customers' infringing uses of, without any
20 substantial noninfringing use, infringing articles and methods that Defendants
21 Netflix, Hulu, and DISH knew infringe or demonstrated willful blindness with
22 respect to infringement of one or more claims of the '527 Patent.

23

24      93.    As a result of Defendants Netflix's, Hulu's, and DISH's infringement
25 of the '527 Patent, Preservation Technologies has suffered monetary damages that
26 are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no
27 event less than a reasonable royalty.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-27-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    94.    Upon information and belief, Netflix's, Hulu's, and DISH's infringing

2   conduct will continue unless enjoined by this Court, resulting in continuing harm

3   to Plaintiff.

4

5                                    **COUNT 10**

6        *(Direct and indirect infringement of United States Patent No. 6,581,071)*

7    95.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if

8   set forth in their entirety herein.

9

10   96.    Preservation Technologies is the owner of all substantial rights and

11   interest to the '071 Patent with the exclusive right to enforce such patent against

12   infringers, and collect damages for all relevant times, including the right to

13   prosecute this action.

14

15   97.    Upon information and belief, Defendant Netflix, without permission

16   of Preservation Technologies, has been and is presently infringing the '071 Patent,

17   as infringement is defined by 35 U.S.C. § 271(a), including though making, using,

18   selling, or offering for sale, and importing methods and articles infringing one or

19   more claims of the '071 Patent.  Defendant Netflix is thus liable for direct

20   infringement of the '071 Patent pursuant to 35 U.S.C. § 271(a).

21

22   98.    Upon information and belief, at least since the filing of this

23   Complaint, Defendant Netflix, without the permission of Preservation

24   Technologies, has been and is presently indirectly infringing the '071 Patent,

25   including actively inducing infringement of the '071 Patent under 35 U.S.C. §

26   271(b) and contributing to infringement of the '071 Patent under 35 U.S.C. §

27   271(c).  Such indirect infringements include, without limitation, with specific

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-28-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1   intent to encourage the infringement, knowingly inducing customers to use, or

2   knowingly contributing to customers' infringing uses of, without any substantial

3   noninfringing use, infringing articles and methods that Defendant Netflix knew

4   infringe or demonstrated willful blindness with respect to infringement of one or

5   more claims of the '071 Patent.

6

7       99.    As a result of Defendant Netflix's infringement of the '071 Patent,

8   Preservation Technologies has suffered monetary damages that are adequate to

9   compensate it for the infringement under 35 U.S.C. § 284, but in no event less than

10  a reasonable royalty.

11

12      100.   Upon information and belief, Netflix's infringing conduct will

13  continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

14

15                              **COUNT 11**

16      *(Direct and indirect infringement of United States Patent No. 6,477,537)*

17      101.   Plaintiff repeats and re-alleges the allegations in paragraphs 1-40 as if

18  set forth in their entirety herein.

19

20      102.   Preservation Technologies is the owner of all substantial rights and

21  interest to the '537 Patent with the exclusive right to enforce such patent against

22  infringers, and collect damages for all relevant times, including the right to

23  prosecute this action.

24

25      103.   Upon information and belief, Defendants Netflix, Facebook, DISH,

26  AT&T, Cox, and Time Warner, without permission of Preservation Technologies,

27  have been and are presently infringing the '537 Patent, as infringement is defined

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-29-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    by 35 U.S.C. § 271(a), including though making, using, selling, or offering for
2    sale, and importing methods and articles infringing one or more claims of the '537
3    Patent.  Defendants Netflix, Facebook, DISH, AT&T, Cox, and Time Warner are
4    thus liable for direct infringement of the '537 Patent pursuant to 35 U.S.C. §
5    271(a).

6

7        104.   Upon information and belief, at least since the filing of this
8    Complaint, Defendants Netflix, Facebook, DISH, AT&T, Cox, and Time Warner
9    without the permission of Preservation Technologies, have been and are presently
10   indirectly infringing the '537 Patent, including actively inducing infringement of
11   the '537 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the
12   '537 Patent under 35 U.S.C. § 271(c).  Such indirect infringements include,
13   without limitation, with specific intent to encourage the infringement, knowingly
14   inducing customers to use, or knowingly contributing to customers' infringing uses
15   of, without any substantial noninfringing use, infringing articles and methods that
16   Defendants Netflix, Facebook, DISH, AT&T, Cox, and Time Warner knew
17   infringe or demonstrated willful blindness with respect to infringement of one or
18   more claims of the '537 Patent.

19

20       105.   As a result of Defendants Netflix's, Facebook's, DISH's, AT&T's,
21   Cox's, and Time Warner's infringement of the '537 Patent, Preservation
22   Technologies has suffered monetary damages that are adequate to compensate it
23   for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable
24   royalty.

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-30-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1    106.   Upon information and belief, Netflix's, Facebook's, DISH's,
2    AT&T's, Cox's, and Time Warner's infringing conduct will continue unless
3    enjoined by this Court, resulting in continuing harm to Plaintiff.
4
5                              **JURY DEMAND**
6        Plaintiff Preservation Technologies hereby requests a trial by jury pursuant
7    to Rule 38 of the Federal Rules of Civil Procedure.
8
9                            **PRAYER FOR RELIEF**
10       WHEREFORE, Plaintiff Preservation Technologies respectfully requests
11   that the Court:
12
13       A.     Permanently enjoin each Defendant, its agents, servants, and
14   employees, and all those in privity with each Defendant or in active concert and
15   participation with any of the Defendants, from engaging in acts of infringement of
16   the Patents-in-Suit;
17
18       B.     Award Plaintiff Preservation Technologies past and future damages
19   together with prejudgment and post-judgment interest to compensate for the
20   infringement by Defendants of the Patents-in-Suit in accordance with 35 U.S.C. §
21   284;
22
23       C.     Adjudge at least Defendant AT&T as a willful infringer and award all
24   other damages permitted by 35 U.S.C. § 284, including increased damages up to
25   three times the amount of compensatory damages found or assessed;
26
27       D.     Declare this case exceptional pursuant to 35 U.S.C. § 285; and
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-31-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1         E.    Award Plaintiff Preservation Technologies its costs, disbursements,

2    attorneys' fees, and such further and additional relief as is deemed appropriate by

3    this Court.

4

5                                 Respectfully submitted,

6

    Dated:  May 14, 2012             STRADLING YOCCA CARLSON &

7                                  RAUTH

8

9                                 By:

10                                Douglas Q. Hahn

11

12                                Attorneys for Plaintiffs
                             Preservation Technologies LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-32-

FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCSOC/1561421v1/102298-0001

1

**CERTIFICATE OF SERVICE**

2

I certify that on May 23, 2012 the foregoing documents **FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

3

4

was served on all parties or their counsel of record **via Email**/ or by serving a true and correct copy at the **addresses** listed below:

5

| | |
|---|---|
| 6  Stephanie P. Skaff, Esq.<br>Email: sskaff@fbm.com<br>7  Eugene Y. Mar, Esq.<br>Email: emar@fbm.com<br>8  Farella Braun + Martel, LLP<br>235 Montgomery Street, 17th Floor<br>9  San Francisco, CA 94101<br>Tel: (415) 954-4400<br>10  Fax: (415) 954-4480<br>11  *Attorneys for Defendants,*<br>*Google, Inc., and YouTube, LLC*<br>12 | Lowell D. Mead, Esq.<br>Email: lmead@cooley.com<br>Cooley, LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304-11360<br>Direct: (650) 843-5734<br>Fax: (650) 849-7400<br><br>*Attorney for Defendant,*<br>*Facebook, Inc.* |
| 13  J. David Hadden, Esq.<br>Email: dhadden@fenwick.com<br>14  Virginia K. Demarchi<br>Email: vdemarchi@fenwick.com<br>15  Darren D. Donnelly, Esq.<br>Email: ddonnelly@fenwick.com<br>16  Heather N. Mewes<br>Email: hmewes@fenwick.com<br>17  Phillip J. Haack<br>Email: phaack@fenwick.com<br>18  Fenwick & West LLP<br>Silicon Valley Center<br>19  801 California Street<br>Mountain View, CA 94041-2008<br>20  Tel: (650) 988-8500<br>Fax: (650) 938-5200<br>21  *Attorney for Defendants,*<br>22  *Netflix, Inc., and Amazon.Com, Inc.* | Lincoln D. Bandlow, Esq.<br>Email: lbandlow@latrhopgage.com<br>Lathrop & Gage, LLP<br>1888 Century Park East, Suite 1000<br>Los Angeles, CA 90067<br>Tel: (310) 789-4600<br>Fax: (310)789-4601<br><br>*Attorney for Defendant,*<br>*Sony Corporation of America* |
| 23  Lewis V. Popovski, Esq.<br>*Admitted Pro Hac Vice*<br>24  Email: lpopovski@kenyon.com<br>Mark A. Chapman, Esq.<br>25  *Admitted Pro Hac Vice*<br>Email: mchapman@kenyon.com<br>26  Michelle Carniaux, Esq.<br>*Admitted Pro Hac Vice*<br>27  Email: mcarniaux@kenyon.com | Alyssa Caridis, Esq.<br>Email: acaridis@orrick.com<br>Orrick, Herrington & Sutcliffe, LLP<br>777 South Figueroa St., Suite 3200<br>Los Angeles, CA 90017-5855<br>Tel: (213) 612-2372<br>Fax: (213) 612-2499<br><br>*Attorney for Defendant,* |

28

CERTIFICATE OF SERVICE

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2015917v1/102298-0001

| | |
|---|---|
| Kenyon & Kenyon LLP<br>One Broadway<br>New York, NY 10004<br>Tel: (212) 425-7200<br>Fax: (212) 425-5288<br><br>*Attorneys for Defendant,*<br>*Sony Corporation of America* | *Dish Network Corporation* |
| Ron E. Shulman<br>ron.shulman@lw.com<br>Richard G. Frenkel<br>rick.frenkel@lw.com<br>Lisa K. Nguyen<br>lisa.nguyen@lw.com<br>LATHAM & WATKINS LLP<br>140 Scott Drive Menlo Park, CA 94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br><br>Ryan R. Owens<br>ryan.owens@lw.com<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626<br>Telephone: (714) 540-1235<br>Facsimile: (714) 755-8290<br><br>*Attorney for Defendant,*<br>*Hulu, LLC* | Jana L. Contreras<br>Coblentz Patch Duffy Bass, LLP<br>jcontreras@coblentzlaw.com<br>One Ferry Building, Suite 200<br>San Francisco, CA 94111-4213<br>Tel: (415) 772-5785<br>Fax: (415) 989-1663<br><br>*Attorney for Defendant, Cox*<br>*Communications, Inc.* |
| Kevin Cadwell<br>kevin.cadwell@bakerbotts.com<br>Bryant C. Boren<br>Bryant.boren@bakerbotts.com<br>Baker Botts LLP<br>1001 Page Mill Road<br>Building One<br>Palo Alto, CA 94304<br>Tel: (650) 739-7504<br>Fax: (650) 739-7699<br><br>Ali Dhanani *(Admitted Pro Hac Vice)*<br>Email: ali.dhanani@bakerbotts.com<br>Lisa Kelly *(Admitted Pro Hac Vice)*<br>Email: lisa.kelly@bakerbotts.com<br>Baker Botts LLP<br>910 Louisiana Street<br>Houston, TX 77002-4995<br>Tel: (713) 229-1108<br>Fax: (713) 229-2808 | Matther G. Clark<br>mclark@kayescholer.com<br>Kaye Scholer LLP<br>1999 Avenue of the Stars, Suite 1700<br>Los Angeles, CA 90067<br>Tel: (310) 788-1000<br>Fax: (310) 788-1200<br><br>*Attorney for Defendants,*<br>*Time Warner Cable, Inc.* |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

CERTIFICATE OF SERVICE

1

| *Attorney for Defendants,*<br>*AT&T, Inc. and AT&T Services, Inc.* | |

2

3

   /s/ Veronica Garcia               May 23, 2012

4
Signature                                 Date
Veronica Garcia

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

CERTIFICATE OF SERVICE

LITIOC/2015917v1/102298-0001

# EXHIBIT A

US005813014A

# United States Patent [19]

## Gustman

[11] **Patent Number:** 5,813,014

[45] **Date of Patent:** Sep. 22, 1998

[54] **METHOD AND APPARATUS FOR MANAGEMENT OF MULTIMEDIA ASSETS**

[75] Inventor: **Samuel Gustman**, Santa Monica, Calif.

[73] Assignee: **Survivors of the Shoah Visual History Foundation**, Los Angeles, Calif.

[21] Appl. No.: **678,727**

[22] Filed: **Jul. 10, 1996**

[51] Int. Cl.⁶ .................................. G06F 17/30
[52] U.S. Cl. .................. 707/103; 707/3; 707/103; 707/104; 707/102; 707/1; 707/4
[58] Field of Search .................. 395/615, 284, 395/285, 806, 701, 601–10, 610–619, 620–29; 434/300, 308; 707/1, 3, 103, 4, 102, 104

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,192,999 | 3/1993 | Graczyk et al. | 348/552 |
| 5,241,671 | 8/1993 | Reed | 707/104 |
| 5,283,638 | 2/1994 | Engberg et al. | 348/141 |
| 5,289,319 | 2/1994 | Glick et al. | 379/93.01 |
| 5,297,249 | 3/1994 | Bernstein et al. | 345/856 |
| 5,307,456 | 4/1994 | MacKay | 345/328 |
| 5,402,499 | 3/1995 | Robison et al. | 381/119 |
| 5,404,505 | 4/1995 | Fujisawa | 707/4 |
| 5,428,730 | 6/1995 | Baker et al. | 345/335 |
| 5,434,592 | 7/1995 | Dinwiddie, Jr. et al. | 345/133 |
| 5,436,898 | 7/1995 | Bowen et al. | 370/352 |
| 5,450,581 | 9/1995 | Bergen et al. | 707/9 |
| 5,530,852 | 6/1995 | Meske, Jr. et al. | 395/200.36 |
| 5,608,900 | 3/1997 | Dockter et al. | 707/102 |
| 5,630,121 | 5/1997 | Braden-Harder | 707/102 |
| 5,649,185 | 7/1997 | Antognini et al. | 707/9 |
| 5,649,186 | 7/1997 | Ferguson | 707/10 |

OTHER PUBLICATIONS

Musei Vaticani, Internet, (http://www.virtual.co.il/orgs/orgs/archival/bookinit.htm), pp. 1–10, Dec. 8, 1994.
The Judaica Archival Project, Internet, (http://www.virtual.co.il.orgs/archiva/bookinit.htm), pp. 1–11, Apr. 1996.

Primary Examiner—Wayne Amsbury
Assistant Examiner—Diane D. Mizrahi
Attorney, Agent, or Firm—Hecker & Harriman

[57] **ABSTRACT**

The invention is a generalized solution for management of multimedia assets. Generalized interfaces are used between a browser component, indexing server, archive server, tertiary storage manager, and method player components. The generalized interface defines a communication protocol that can be used by any browser, indexing server, archive server, tertiary storage manager, or method player component. Thus, system components supplied by multiple vendors can be interconnected to form a multimedia system that communicates using the generalized interfaces of the invention. A browser component can accept input such as search requests and display multimedia data. An indexing server component includes a data catalogue that catalogues multimedia data. The catalogue can be used to identify catalogue elements associated with data that can satisfy a search request. A search mechanism is used to identify the desired multimedia data. A search mechanism can create additional catalogues that are a subset of the catalogue provided on the indexing server. An archive server identifies a tertiary storage manager that manages the store containing the multimedia data. The tertiary storage manager retrieves the corresponding multimedia data from its store and sends it to a method play which plays it in a display region of the browser. The invention retains the content and results of a search such that it is only necessary to perform a search once. Search elements are used to store the content of a search, i.e., search criteria. A segment element is used to store the results of a search.

34 Claims, 24 Drawing Sheets



FIG. 1A



FIG. 1B

Case 8:11-cv-01860-DOC-JPR   Document 67   Filed 05/24/12   Page 40 of 50   Page ID #:3031



FIG. 1C



FIG. 1D



FIG. 1E



FIG. 1F

Case 8:11-cv-01860-DOC-JPR   Document 67   Filed 05/24/12   Page 42 of 50   Page ID #:3033



*FIG. 2*

Case 8:11-cv-01860-DOC-JPR   Document 67   Filed 05/24/12   Page 43 of 50   Page ID #:3034



FIG. 3



FIG. 4A



FIG. 4B



**FIG. 4C**

Case 8:11-cv-01860-DOC-JPR   Document 67   Filed 05/24/12   Page 47 of 50   Page ID #:3038



FIG. 5



FIG. 6

U.S. Patent        Sep. 22, 1998        Sheet 11 of 24        5,813,014



FIG. 7A



FIG. 7B