1  Douglas Q. Hahn, State Bar No. 257559
   dhahn@sycr.com
2  STRADLING YOCCA CARLSON & RAUTH
   660 Newport Center Drive, Suite 1600
3  Newport Beach, CA  92660-6422
   Tel: 949-725-4000
4
   Andrew G. DiNovo (admitted *pro hac vice*)
5  adinovo@dpelaw.com
   Adam G. Price (admitted *pro hac vice*)
6  aprice@dpelaw.com
   Victor G. Hardy (admitted *pro hac vice*)
7  vhardy@dpelaw.com
   James W. Coutu (admitted *pro hac vice*)
8  jcoutu@dpelaw.com
   DINOVO PRICE ELLWANGER & HARDY LLP
9  7000 North MoPac Expressway, Suite 350
   Austin, TX  78731
10 Tel: 512-539-2626

11 Attorneys for Plaintiff
   Preservation Technologies LLC
12

13

14           **UNITED STATES DISTRICT COURT**

15           **CENTRAL DISTRICT OF CALIFORNIA**

16                  **SOUTHERN DIVISION**

17 PRESERVATION TECHNOLOGIES        CASE NO.: SACV11-01860 DOC
   LLC,                             (JPRx)
18            Plaintiff,
                                    **SIXTH AMENDED COMPLAINT**
19        vs.                       **FOR PATENT INFRINGEMENT**

20 NETFLIX, INC.; FACEBOOK, INC.;   **JURY DEMANDED**
   HULU, LLC; DISH NETWORK
21 CORPORATION, AT&T SERVICES,      Complaints Filed: December 2, 2011;
   INC.; COX COMMUNICATIONS,        January 3, 2012; January 27, 2012;
22 INC.; DISNEY ONLINE; AMERICAN    March 6, 2012;  March 28, 2012;
   BROADCASTING COMPANIES,          May 24, 2012 and August 24, 2012.
23 INC.; AND YAHOO! INC.,

24           Defendants.

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1     Plaintiff Preservation Technologies LLC ("Preservation Technologies" or

2  "Plaintiff") alleges as follows:

3

4                              **THE PARTIES**

5     1.     Plaintiff Preservation Technologies is a limited liability company

6  organized and existing under the laws of the State of Delaware, with its principal

7  place of business at 874 Walker Road, Suite C, Dover, Delaware 19904.

8

9     2.     Upon information and belief, Netflix, Inc. ("Netflix") is a corporation

10  organized and existing under the laws of the State of Delaware, with a place of

11  business located at 100 Winchester Circle, Los Gatos, California 95032.  Netflix

12  can be served with process by serving its registered agent for service of process in

13  the State of California, National Registered Agents, Inc., 2875 Michelle Drive,

14  Suite 100, Irvine, California 92606.

15

16    3.     Upon information and belief, Facebook, Inc. ("Facebook") is a

17  corporation organized and existing under the laws of the State of Delaware, with a

18  place of business located at 1601 S. California Avenue, Palo Alto, California

19  94304.  Facebook can be served with process by serving its registered agent for

20  service of process in the State of California, Corporation Service Company d/b/a

21  CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100,

22  Sacramento, California 95833.

23

24    4.     Upon information and belief, Hulu, LLC ("Hulu") is a limited liability

25  company organized and existing under the laws of the State of Delaware, with a

26  place of business located at 12312 W. Olympia Blvd, Los Angeles, California

27  90064.  Hulu can be served with process by serving its registered agent for service

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1  of process in the State of Delaware, The Prentice-Hall Corporation System, Inc.,

2  2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

3

4       5.    Upon information and belief, DISH Network Corporation ("DISH") is

5  a corporation organized and existing under the laws of the State of Nevada, with a

6  place of business located at 9601 S. Meridian Boulevard, Englewood, Colorado

7  80112.  DISH can be served with process by serving its registered agent for service

8  of process in the State of Colorado, R. Stanton Dodge, 9601 S. Meridian

9  Boulevard, Englewood, Colorado 80112.

10

11       6.    Upon information and belief, AT&T Services, Inc. ("AT&T") is a

12  corporation organized and existing under the laws of the State of Delaware, with a

13  principal place of business at 1010 N. St. Mary's St., Rm. 9-002, San Antonio TX

14  78215.  AT&T Services, Inc. can be served with process by serving its registered

15  agent for service of process in the State of California, C T Corporation System,

16  818 W. Seventh St., Los Angeles, CA 90017.

17

18       7.    Upon information and belief, Cox Communications, Inc. ("Cox") is a

19  corporation organized and existing under the laws of the State of Delaware, with a

20  place of business located at 1400 Lake Hearn Dr., Mail Stop CP-12, Atlanta,

21  Georgia 30319.  Cox can be served with process by serving its registered agent for

22  service of process in the State of Delaware, Corporation Service Company, 2711

23  Centerville Road, Suite 400, Wilmington, Delaware 19808.

24

25       8.    Upon information and belief, Disney Online  ("Disney") is a

26  corporation organized and existing under the laws of the State of California, with a

27  place of business located at 500 South Buena Vista Street, Burbank, California

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

91521.  Disney can be served with process by serving its registered agent for service of process in the State of California, Marsha L. Reed, 500 South Buena Vista Street, Burbank, California 91521.

9.     Upon information and belief, American Broadcasting Companies, Inc. ("ABC") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 77 West 66th Street, New York, New York 10023-6201.  ABC can be served with process by serving its registered agent for service of process in the State of California, CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

10.    Upon information and belief, Yahoo! Inc. ("Yahoo") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 701 First Avenue, Sunnyvale, California 94089.  Yahoo can be served with process by serving its registered agent for service of process in the State of California, C T Corporation System, 818 W. Seventh. Street, Los Angeles, California 90017.

11.    Collectively Netflix, Facebook, Hulu, DISH, AT&T, Cox, Disney, ABC, and Yahoo are "Defendants."

## JURISDICTION AND VENUE

12.    This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

13.     Upon information and belief, personal jurisdiction by this Court over Defendants is proper based upon their residence within the State of California and also Defendants having regularly conducted business, including the acts complained of herein, within the State of California and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in California and in this judicial district.

14.     Venue properly lies in this district under the provisions of 28 U.S.C. § 1391 because Defendants reside in the district, because Defendants have purposely and repeatedly availed themselves of the privilege of doing business within the district, and because a substantial part of the events giving rise to the claims herein occurred in this district.

### THE PATENTS-IN-SUIT

15.     On September 22, 1998, United States Patent No. 5,813,014 ("the '014 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets." The invention disclosed by the '014 Patent is a generalized solution for management of multimedia assets comprising interfaces between various components of a multimedia system. These interfaces provide for communication between the components to accomplish searching for and retrieving multimedia assets. A true and correct copy of the '014 Patent is attached hereto as Exhibit "A."

16.     On November 3, 1998, United States Patent No. 5,832,499 ("the '499 Patent") was duly and legally issued for a "Digital Library System." The invention disclosed by the '499 Patent relates to a digital library system that includes systems

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

and mechanisms for capturing, managing, and distributing multimedia data.  A true and correct copy of the '499 Patent is attached hereto as Exhibit "B."

17.    On July 18, 2000, United States Patent No. 6,092,080 ("the '080 Patent") was duly and legally issued for a "Digital Library System."  The invention disclosed by the '080 Patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data.  A true and correct copy of the '080 Patent is attached hereto as Exhibit "C."

18.    On March 5, 2002, United States Patent No. 6,353,831 ("the '831 Patent") was duly and legally issued for a "Digital Library System."  The invention disclosed by the '831 Patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data.  A true and correct copy of the '831 Patent is attached hereto as Exhibit "D."

19.    On June 3, 2003, United States Patent No. 6,574,638 ("the '638 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data Using Surveying Data."  The invention disclosed by the '638 Patent relates to a method and apparatus in which survey data collected from different survey versions may be retained in a database and used to catalog multimedia data.  A true and correct copy of the '638 Patent is attached hereto as Exhibit "E."

20.    On March 6, 2001, United States Patent No. 6,199,060 ("the '060 Patent") was duly and legally issued for a "Method and Apparatus Management of Multimedia Assets."  The invention disclosed by the '060 Patent relates to a generalized solution for management of multimedia assets comprising interfaces

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1   between various components of a multimedia system.  These interfaces provide for

2   communication between the components to accomplish searching for and

3   retrieving multimedia assets.  A true and correct copy of the '060 Patent is attached

4   hereto as Exhibit "F."

5

6        21.    On November 3, 1998, United States Patent No. 5,832,495 ("the '495

7   Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing

8   Multimedia Data."  The invention disclosed by the '495 Patent relates to

9   cataloguing of data such as multimedia data.  It comprises a catalog including one

10  or more catalog elements, each of which has one or more attributes.  These

11  attributes may be used to build one or more indices that can be used to facilitate

12  catalog access.  A true and correct copy of the '495 Patent is attached hereto as

13  Exhibit "G."

14

15       22.    On April 15, 2003, United States Patent No. 6,549,911 ("the '911

16  Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing

17  Multimedia Data."  The invention disclosed by the '911 Patent relates to

18  cataloguing of data such as multimedia data.  It comprises a catalog including one

19  or more catalog elements, each of which has one or more attributes.  These

20  attributes may be used to build one or more indices that can be used to facilitate

21  catalog access.  A true and correct copy of the '911 Patent is attached hereto as

22  Exhibit "H."

23

24       23.    On April 3, 2001, United States Patent No. 6,212,527 ("the '527

25  Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing

26  Multimedia Data."  The invention disclosed by the '527 Patent relates to

27  cataloguing of data such as multimedia data.  It comprises a catalog including one

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1   or more catalog elements, each of which has one or more attributes.  These

2   attributes may be used to build one or more indices that can be used to facilitate

3   catalog access.  A true and correct copy of the '527 Patent is attached hereto as

4   Exhibit "I."

5

6         24.    On June 17, 2003, United States Patent No. 6,581,071 ("the '071

7   Patent") was duly and legally issued for a "Surveying System and Method."  The

8   invention disclosed by the '071 Patent relates to a method and apparatus in which

9   survey data collected from different survey versions may be retained in a database

10   and used to catalog multimedia data.  A true and correct copy of the '071 Patent is

11   attached hereto as Exhibit "J."

12

13        25.    On February 22, 2001, United States Patent No. 6,477,537 ("the '537

14   Patent") was duly and legally issued for a "Method and Apparatus for Management

15   of Multimedia Assets."  The invention disclosed by the '537 Patent relates to a

16   generalized solution for management of multimedia assets comprising interfaces

17   between various components of a multimedia system.  These interfaces provide for

18   communication between the components to accomplish searching for and

19   retrieving multimedia assets.  A true and correct copy of the '537 Patent is attached

20   hereto as Exhibit "K."  All of the foregoing are collectively referred to herein as

21   the "Patents."

22

23                             **BACKGROUND**

24        26.    The USC Shoah Foundation developed the patented technology.  Its

25   impetus was to gather, catalog and make available for access thousands of video

26   testimonies.  In January 2006, the Survivors of the Shoah Visual History

27   Foundation became part of the Dana and David Dornsife College of Letters, Arts

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

LITIOC/2052313v1/102298-0001

1   and Sciences at the University of Southern California in Los Angeles, where the

2   testimonies in the Visual History Archive are preserved.

3

4        Preservation Technologies has all substantial rights and interest to the

5   Patents-in-Suit, including all rights to recover for all past and future infringements

6   thereof.

7                              **DEFENDANTS' ACTS**

8        **Netflix**

9        27.    Netflix manufactures, provides, sells, offers for sale, uses, and/or

10  distributes infringing systems, articles, and methods, as well as provides

11  computerized instructions that direct, control and/or put into use components that

12  practice the claimed inventions.  The infringing Netflix systems, articles, and

13  methods include, but are not limited to, systems, articles, and methods relating to

14  the cataloguing, organizing, searching, rating, and provisioning of digital

15  multimedia data, including but not limited to Netflix's internet subscription service

16  for streaming movies and television shows, and related home and mobile device-

17  specific applications (the "Accused Systems").  In addition to the foregoing,

18  Netflix also provides related services, specifications, and instructions for the

19  installation and operation of such systems and articles to its end-users and

20  customers.  Netflix acquired knowledge of the Patents through direct notice

21  communicated to Netflix's counsel of record on April 4, 2012.

22

23       **Facebook**

24       28.    Facebook manufactures, provides, sells, offers for sale, uses, and/or

25  distributes infringing systems, articles, and methods, as well as provides

26  computerized instructions that direct, control and/or put into use components that

27  practice the claimed inventions.  The infringing Facebook systems, articles, and

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1  methods include, but are not limited to, systems, articles, and methods relating to

2  the cataloguing, organizing, searching, rating, and provisioning of digital

3  multimedia data, including but not limited to the foregoing services on

4  Facebook.com through the cataloguing, organizing, searching, rating, and

5  provisioning of user videos, and related home and mobile device-specific

6  applications (the "Accused Systems").  In addition to the foregoing, Facebook also

7  provides related services, specifications, and instructions for the installation and

8  operation of such systems and articles to its end-users and customers.  Facebook

9  acquired knowledge of the Patents through direct notice communicated to

10  Facebook's counsel of record on April 4, 2012.

11

12  **DISH**

13      29.    DISH manufactures, provides, sells, offers for sale, uses, and/or

14  distributes infringing systems, articles, and methods, as well as provides

15  computerized instructions that direct, control and/or put into use components that

16  practice the claimed inventions.  The infringing DISH systems, articles, and

17  methods include, but are not limited to, systems, articles, and methods relating to

18  the cataloguing, organizing, searching, rating, and provisioning of digital

19  multimedia data, including but not limited to the foregoing services on Blockbuster

20  On-Demand (www.blockbuster.com/download), DISH Network television, DISH

21  Online, and related home and mobile device-specific applications and associated

22  equipment (the "Accused Systems").  In addition to the foregoing, DISH also

23  provides related services, specifications, and instructions for the installation and

24  operation of such systems and articles to its end-users and customers.  DISH

25  acquired knowledge of the Patents through direct notice communicated to DISH's

26  counsel of record on April 4, 2012.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

**Hulu**

30.    Hulu manufactures, provides, sells, offers for sale, uses, and/or distributes infringing systems, articles, and methods, as well as provides computerized instructions that direct, control and/or put into use components that practice the claimed inventions.  The infringing Hulu systems, articles, and methods include, but are not limited to, systems, articles, and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to the foregoing services on Hulu.com and Hulu Plus, and related home and mobile device-specific applications (the "Accused Systems").  In addition to the foregoing, Hulu also provides related services, specifications, and instructions for the installation and operation of such systems and articles to its end-users and customers.  Hulu acquired knowledge of the Patents through direct notice communicated to Hulu's counsel of record on April 4, 2012.

**AT&T**

31.    AT&T manufactures, provides, sells, offers for sale, uses, and/or distributes infringing systems, articles, and methods, as well as provides computerized instructions that direct, control and/or put into use components that practice the claimed inventions.  The infringing AT&T systems, articles, and methods include, but are not limited to, systems, articles, and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to U-Verse cable and online video services, and AT&T's U-Verse Total Home (multi-room) DVR service that incorporates at least a portion of the UPnP standard, MOCA technology, and the Cable Labs Home Networking Standard, and related home and mobile device-specific applications and associated equipment (the "Accused Systems").  In

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1  addition to the foregoing, AT&T also provides related services, specifications, and

2  instructions for the installation and operation of such systems and articles to its

3  end-users and customers.  AT&T acquired knowledge of the '014, '527, and '537

4  Patents through its own prosecution activities, in which those Patents were cited

5  against its own filings as prior art.  AT&T acquired knowledge of all of the

6  Patents-in-Suit through direct notice communicated to AT&T's counsel of record

7  on April 4, 2012.

8

9  **Cox**

10      32.     Cox manufactures, provides, sells, offers for sale, uses, and/or

11  distributes infringing systems, articles, and methods, as well as provides

12  computerized instructions that direct, control and/or put into use components that

13  practice the claimed inventions.  The infringing Cox systems, articles, and methods

14  include, but are not limited to, systems, articles, and methods relating to the

15  cataloguing, organizing, searching, rating, and provisioning of digital multimedia

16  data, including but not limited to Cox's digital cable and TV Online services,

17  Cox's Whole Home (multi-room) DVR service that incorporates at least a portion

18  of the UPnP standard, MOCA technology, and the Cable Labs Home Networking

19  Standard, and related home and mobile device-specific applications and associated

20  equipment (the "Accused Systems").  In addition to the foregoing, Cox also

21  provides related services, specifications, and instructions for the installation and

22  operation of such systems and articles to its end-users and customers.  Cox

23  acquired knowledge of the Patents through direct notice communicated to Cox's

24  counsel of record on April 4, 2012.

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

**Disney**

33.    Disney manufactures, provides, sells, offers for sale, uses, and/or distributes infringing systems, articles, and methods, as well as provides computerized instructions that direct, control and/or put into use components that practice the claimed inventions.  The infringing Disney systems, articles, and methods include, but are not limited to, systems, articles, and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to Disney's online video services available at disneymoviesonline.go.com and related home and mobile device-specific applications (the "Accused Systems").  In addition to the foregoing, Disney also provides related services, specifications, and instructions for the installation and operation of such systems and articles to its end-users and customers.  Disney acquired knowledge of the Patents through direct notice communicated to Disney's general counsel on May 11, 2012.

**ABC**

34.    ABC manufactures, provides, sells, offers for sale, uses, and/or distributes infringing systems, articles, and methods, as well as provides computerized instructions that direct, control and/or put into use components that practice the claimed inventions.  The infringing ABC systems, articles, and methods include, but are not limited to, systems, articles, and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to ABC's online video services available at abc.com and abc.go.com, and related home and mobile devices-specific applications (the "Accused Systems").  In addition to the foregoing, ABC also provides related services, specifications, and instructions for the installation and operation of such systems and articles to its end-users and customers.  ABC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1   acquired knowledge of the Patents through direct notice communicated to ABC's

2   general counsel on May 11, 2012.

3

4   **Yahoo**

5   35.   Yahoo manufactures, provides, sells, offers for sale, uses, and/or

6   distributes infringing systems, articles, and methods, as well as provides

7   computerized instructions that direct, control and/or put into use components that

8   practice the claimed inventions.  The infringing Yahoo systems, articles, and

9   methods include, but are not limited to, systems, articles, and methods relating to

10   the cataloguing, organizing, searching, rating, and provisioning of digital

11   multimedia data, including but not limited to Yahoo's online video services

12   available at screen.yahoo.com and movies.yahoo.com, and related home and

13   mobile device-specific applications (the "Accused Systems").  In addition to the

14   foregoing, Yahoo also provides related services, specifications, and instructions for

15   the installation and operation of such systems and articles to its end-users and

16   customers.  Yahoo acquired knowledge of the Patents through direct notice

17   communicated to Yahoo's general counsel on May 10, 2012.

18

19   **WILLFULNESS**

20   36.   AT&T acquired knowledge of one or more of the Patents-in-Suit prior

21   to this lawsuit being filed.  AT&T acquired knowledge of certain of the Patents at

22   least through its own patent prosecution activities.  Accordingly, AT&T has been

23   and continues to knowingly or with reckless disregard willfully infringing those

24   Patents of which it was made aware prior to this lawsuit being filed.  AT&T acted

25   despite an objectively high likelihood that its actions constituted infringement of

26   Plaintiff Preservation Technologies' valid patent rights.  This objectively-defined

27   risk was either known or so obvious that it should have been known to AT&T.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

37.     The infringement by AT&T is willful, thus entitling Plaintiff Preservation Technologies to the recovery of treble damages pursuant to 35 U.S.C. § 284.

## COUNT 1

### *(Direct and indirect infringement of United States Patent No. 5,813,014)*

38.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-37 as if set forth in their entirety herein.

39.     Preservation Technologies is the owner of all substantial rights and interest to the '014 Patent with the exclusive right to enforce such Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

40.     Upon information and belief, Defendants Netflix, Facebook, Hulu, DISH, Disney, ABC, and Yahoo, without permission of Preservation Technologies, have been and are presently infringing the '014 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through, using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '014 Patent.  Defendants Netflix, Facebook, Hulu, DISH, Disney, ABC, and Yahoo are thus liable for direct infringement of the '014 Patent pursuant to 35 U.S.C. § 271(a).

41.     Defendants Netflix, Facebook, Hulu, and DISH had actual knowledge of the '014 Patent at least as of April 4, 2012; Defendants Disney and ABC had actual knowledge of the '014 Patent at least as of May 11, 2012; Defendant Yahoo had actual knowledge of the '014 Patent at least as of May 10, 2012.

-14-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

42.     Since obtaining knowledge of the '014 Patent as set forth in paragraph 41, Defendants Netflix, Facebook, Hulu, DISH, Disney, ABC, and Yahoo have indirectly infringed and continue to indirectly infringe the '014 Patent by actively inducing infringement by others of one or more of the claims of the '014 Patent in violation of 35 U.S.C. § 271(b) and contributorily infringing one or more of the claims of the '014 Patent based on others' direct infringement in violation of 35 U.S.C. § 271(c).

43.     Upon information and belief, Defendants Netflix's, Facebook's, Hulu's, DISH's, Disney's, ABC's, and Yahoo's end-users and/or customers directly infringe the '014 Patent by using the Accused Systems in violation of 35 U.S.C. § 271(a).

44.     Defendants Netflix's, Facebook's, Hulu's, DISH's, Disney's, ABC's, and Yahoo's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '014 Patent as set forth in paragraph 41.

45.     Defendants Netflix's, Facebook's, Hulu's, DISH's, Disney's, ABC's, and Yahoo's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '014 Patent, as demonstrated by, *inter alia*, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '014 Patent.

46.     On information and belief, Defendants Netflix's, Facebook's, Hulu's, DISH's, Disney's, ABC's, and Yahoo's contributory infringement has occurred

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1   with knowledge that its Accused Systems are a material part of the invention, and

2   are especially made or adapted for a use that infringes one or more claims of the

3   '014 Patent and are not a staple article or commodity of commerce suitable for

4   substantial non-infringing uses.

5

6       47.    As a result of Defendants Netflix's, Facebook's, Hulu's, DISH's,

7   Disney's, ABC's, and Yahoo's infringement of the '014 Patent, Preservation

8   Technologies has suffered monetary damages that are adequate to compensate it

9   for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable

10   royalty.

11

12       48.    Upon information and belief, Netflix's, Facebook's, Hulu's, DISH's,

13   Disney's, ABC's, and Yahoo's infringing conduct will continue unless enjoined by

14   this Court, resulting in continuing harm to Plaintiff.

15

16                          **COUNT 2**

17     ***(Direct and indirect infringement of United States Patent No. 5,832,499)***

18       49.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-37 as if

19   set forth in their entirety herein.

20

21       50.    Preservation Technologies is the owner of all substantial rights and

22   interest to the '499 Patent with the exclusive right to enforce such Patent against

23   infringers, and collect damages for all relevant times, including the right to

24   prosecute this action.

25

26       51.    Upon information and belief, Defendants Netflix, Hulu, DISH,

27   AT&T, Disney, ABC, and Yahoo, without permission of Preservation

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1    Technologies, have been and are presently infringing the '499 Patent, as

2    infringement is defined by 35 U.S.C. § 271(a), including through, using, selling,

3    offering for sale, and/or importing systems, articles, and methods infringing one or

4    more claims of the '499 Patent.  Defendants Netflix, Hulu, DISH, AT&T, Disney,

5    ABC, and Yahoo are thus liable for direct infringement of the '499 Patent pursuant

6    to 35 U.S.C. § 271(a).

7

8         52.    As a result of Defendants Netflix's, Hulu's, DISH's, AT&T's,

9    Disney's, ABC's, and Yahoo's infringement of the '499 Patent, Preservation

10   Technologies has suffered monetary damages that are adequate to compensate it

11   for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable

12   royalty.

13

14        53.    Upon information and belief, Netflix's, Hulu's, DISH's, AT&T's,

15   Disney's, ABC's, and Yahoo's infringing conduct will continue unless enjoined by

16   this Court, resulting in continuing harm to Plaintiff.

17

18                            **COUNT 3**

19   ***(Direct and indirect infringement of United States Patent No. 6,092,080)***

20        54.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-37 as if

21   set forth in their entirety herein.

22

23        55.    Preservation Technologies is the owner of all substantial rights and

24   interest to the '080 Patent with the exclusive right to enforce such Patent against

25   infringers, and collect damages for all relevant times, including the right to

26   prosecute this action.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

56.     Upon information and belief, Defendants Netflix, Facebook, Hulu, DISH, AT&T, Cox, Disney, ABC, and Yahoo, without permission of Preservation Technologies, have been and are presently infringing the '080 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through, using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '080 Patent.  Defendants Netflix, Facebook, Hulu, DISH, AT&T, Cox, Disney, ABC, and Yahoo are thus liable for direct infringement of the '080 Patent pursuant to 35 U.S.C. § 271(a).

57.     Defendants Netflix, Facebook, Hulu, DISH, AT&T and Cox had actual knowledge of the '080 Patent at least as of April 4, 2012; Defendants Disney and ABC had actual knowledge of the '080 Patent at least as of May 11, 2012; Defendant Yahoo had actual knowledge of the '080 Patent at least as of May 10, 2012.

58.     Since obtaining knowledge of the '080 Patent as set forth in paragraph 57, Defendants Netflix, Facebook, Hulu, DISH, AT&T, Cox, Disney, ABC, and Yahoo have indirectly infringed and continue to indirectly infringe the '080 Patent by actively inducing infringement by others of one or more of the claims of the '080 Patent in violation of 35 U.S.C. § 271(b) and contributorily infringing one or more of the claims of the '080 Patent based on others' direct infringement in violation of 35 U.S.C. § 271(c).

59.     Upon information and belief, Defendants Netflix's, Facebook's, Hulu's, DISH's, AT&T's, Cox's, Disney's, ABC's, and Yahoo's end-users and/or customers directly infringe the '080 Patent by using the Accused Systems in violation of 35 U.S.C. § 271(a).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

60.     Defendants Netflix's, Facebook's, Hulu's, DISH's, AT&T's, Cox's, Disney's, ABC's, and Yahoo's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '080 Patent as set forth in paragraph 57.

61.     Defendants Netflix's, Facebook's, Hulu's, DISH's, AT&T's, Cox's, Disney's, ABC's, and Yahoo's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its actions would induce infringement of, the '080 Patent, as demonstrated by, *inter alia*, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '080 Patent.

62.     On information and belief, Defendants Netflix's, Facebook's, Hulu's, DISH's, AT&T's, Cox's, Disney's, ABC's, and Yahoo's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '080 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

63.     As a result of Defendants Netflix's, Facebook's, Hulu's, DISH's, AT&T's, Cox's, Disney's, ABC's, and Yahoo's infringement of the '080 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-19-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

64.     Upon information and belief, Netflix's, Facebook's, Hulu's, DISH's, AT&T's, Cox's, Disney's, ABC's, and Yahoo's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## COUNT 4

### *(Direct and indirect infringement of United States Patent No. 6,353,831)*

65.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-37 as if set forth in their entirety herein.

66.     Preservation Technologies is the owner of all substantial rights and interest to the '831 Patent with the exclusive right to enforce such Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

67.     Upon information and belief, Defendants Netflix, Facebook, Hulu, DISH, AT&T, Cox, Disney, ABC, and Yahoo, without permission of Preservation Technologies, have been and are presently infringing the '831 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through, using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '831 Patent.  Defendants Netflix, Facebook, Hulu, DISH, AT&T, Cox, Disney, ABC, and Yahoo are thus liable for direct infringement of the '831 Patent pursuant to 35 U.S.C. § 271(a).

68.     Defendants Netflix, Facebook, Hulu, DISH, AT&T and Cox had actual knowledge of the '831 Patent at least as of April 4, 2012; Defendants Disney and ABC had actual knowledge of the '831 Patent at least as of May 11, 2012;

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1   Defendant Yahoo had actual knowledge of the '831 Patent at least as of May 10,

2   2012.

3

4       69.     Since obtaining knowledge of the '831 Patent as set forth in paragraph

5   68, Defendants Netflix, Facebook, Hulu, DISH, AT&T, Cox, Disney, ABC, and

6   Yahoo have indirectly infringed and continue to indirectly infringe the '831 Patent

7   by actively inducing infringement by others of one or more of the claims of the

8   '831 Patent in violation of 35 U.S.C. § 271(b) and contributorily infringing one or

9   more of the claims of the '831 Patent based on others' direct infringement in

10  violation of 35 U.S.C. § 271(c).

11

12      70.     Upon information and belief, Defendants Netflix's, Facebook's,

13  Hulu's, DISH's, AT&T's, Cox's, Disney's, ABC's, and Yahoo's end-users and/or

14  customers directly infringe the '831 Patent by using the Accused Systems in

15  violation of 35 U.S.C. § 271(a).

16

17      71.     Defendants Netflix's, Facebook's, Hulu's, DISH's, AT&T's, Cox's,

18  Disney's, ABC's, and Yahoo's active inducement of infringement and contributory

19  infringement has occurred with actual knowledge of the '831 Patent as set forth in

20  paragraph 68.

21

22      72.     Defendants Netflix's, Facebook's, Hulu's, DISH's, AT&T's, Cox's,

23  Disney's, ABC's, and Yahoo's active inducement of infringement has occurred

24  with the specific intent of encouraging others to infringe, or with willful blindness

25  to the fact that its actions would induce infringement of, the '831 Patent, as

26  demonstrated by, *inter alia*, providing specifications and instructions for the

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-21-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1  installation and operation of its Accused Systems, including uses that infringe one

2  or more claims of the '831 Patent.

3

4      73.     On information and belief, Defendants Netflix's, Facebook's, Hulu's,

5  DISH's, AT&T's, Cox's, Disney's, ABC's, and Yahoo's contributory infringement

6  has occurred with knowledge that its Accused Systems are a material part of the

7  invention, and are especially made or adapted for a use that infringes one or more

8  claims of the '831 Patent and are not a staple article or commodity of commerce

9  suitable for substantial non-infringing uses.

10

11     74.     As a result of Defendants Netflix's, Facebook's, Hulu's, DISH's,

12  AT&T's, Cox's, Disney's, ABC's, and Yahoo's infringement of the '831 Patent,

13  Preservation Technologies has suffered monetary damages that are adequate to

14  compensate it for the infringement under 35 U.S.C. § 284, but in no event less than

15  a reasonable royalty.

16

17     75.     Upon information and belief, Netflix's, Facebook's, Hulu's, DISH's,

18  AT&T's, Cox's, Disney's, ABC's, and Yahoo's infringing conduct will continue

19  unless enjoined by this Court, resulting in continuing harm to Plaintiff.

20

21                              **COUNT 5**

22     *(Direct and indirect infringement of United States Patent No. 6,574,638)*

23     76.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-37 as if

24  set forth in their entirety herein.

25

26     77.     Preservation Technologies is the owner of all substantial rights and

27  interest to the '638 Patent with the exclusive right to enforce such Patent against

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-22-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1   infringers, and collect damages for all relevant times, including the right to

2   prosecute this action.

3

4       78.    Upon information and belief, Defendants Netflix, Facebook, Hulu,

5   and DISH, without permission of Preservation Technologies, have been and are

6   presently infringing the '638 Patent, as infringement is defined by 35 U.S.C. §

7   271(a), including through, using, selling, offering for sale, and/or importing

8   systems, articles, and methods infringing one or more claims of the '638 Patent.

9   Defendants Netflix, Facebook, Hulu, and DISH are thus liable for direct

10   infringement of the '638 Patent pursuant to 35 U.S.C. § 271(a).

11

12       79.    As a result of Defendants Netflix's, Facebook's, Hulu's, and DISH's,

13   infringement of the '638 Patent, Preservation Technologies has suffered monetary

14   damages that are adequate to compensate it for the infringement under 35 U.S.C. §

15   284, but in no event less than a reasonable royalty.

16

17       80.    Upon information and belief, Netflix's, Facebook's, Hulu's, and

18   DISH's, infringing conduct will continue unless enjoined by this Court, resulting in

19   continuing harm to Plaintiff.

20

21   **COUNT 6**

22   ***(Direct and indirect infringement of United States Patent No. 6,199,060)***

23       81.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-37 as if

24   set forth in their entirety herein.

25

26       82.    Preservation Technologies is the owner of all substantial rights and

27   interest to the '060 Patent with the exclusive right to enforce such Patent against

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-23-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2052313v1/102298-0001

1  infringers, and collect damages for all relevant times, including the right to

2  prosecute this action.

3

4      83.    Upon information and belief, Defendants Netflix, Facebook, DISH,

5  AT&T, and Cox without permission of Preservation Technologies, have been and

6  are presently infringing the '060 Patent, as infringement is defined by 35 U.S.C. §

7  271(a), including through, using, selling, offering for sale, and/or importing

8  systems, articles, and methods infringing one or more claims of the '060 Patent.

9  Defendants Netflix, Facebook, DISH, AT&T, and Cox are thus liable for direct

10  infringement of the '060 Patent pursuant to 35 U.S.C. § 271(a).

11

12      84.    Defendants Netflix, Facebook, DISH, AT&T and Cox had actual

13  knowledge of the '060 Patent at least as of April 4, 2012.

14

15      85.    Since obtaining knowledge of the '060 Patent as set forth in paragraph

16  84, Defendants Netflix, Facebook, DISH, AT&T, and Cox have indirectly

17  infringed and continue to indirectly infringe the '060 Patent by actively inducing

18  infringement by others of one or more of the claims of the '060 Patent in violation

19  of 35 U.S.C. § 271(b) and contributorily infringing one or more of the claims of

20  the '060 Patent based on others' direct infringement in violation of 35 U.S.C. §

21  271(c).

22

23      86.    Upon information and belief, Defendants Netflix's, Facebook's,

24  DISH's, AT&T's, and Cox's end-users and/or customers directly infringe the '060

25  Patent by using the Accused Systems in violation of 35 U.S.C. § 271(a).

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-24-

SIXTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT