Douglas Q. Hahn, State Bar No. 257559
dhahn@sycr.com
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Tel: 949-725-4000

Andrew G. DiNovo (admitted *pro hac vice*)
adinovo@dpelaw.com
Adam G. Price (admitted *pro hac vice*)
aprice@dpelaw.com
Victor G. Hardy (admitted *pro hac vice*)
vhardy@dpelaw.com
James W. Coutu (admitted *pro hac vice*)
jcoutu@dpelaw.com
Nicole E. Glauser (admitted *pro hac vice*)
nglauses@dpelaw.com
William Parrish (admitted *pro hac vice*)
bparrish@dpelaw.com
DINOVO PRICE ELLWANGER & HARDY LLP
7000 North MoPac Expressway, Suite 350
Austin, TX 78731
Tel: 512-539-2626

Attorneys for Plaintiff
Preservation Technologies LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC.; FACEBOOK, INC.; HULU, LLC; DISH NETWORK CORPORATION, AT&T SERVICES, INC.; COX COMMUNICATIONS, INC.; DISNEY ONLINE; AMERICAN BROADCASTING COMPANIES, INC.; AND YAHOO! INC.,<br><br>Defendants.<br><br>v.<br><br>WALMART STORES, INC. and VUDU, INC.,<br><br>Defendants. | CASE NO.: SACV11-01860 DOC (JPRx)<br><br>**PLAINTIFF PRESERVATION TECHNOLOGIES LLC'S ANSWER TO COUNTERCLAIMS OF DEFENDANTS WALMART STORES, INC. AND VUDU, INC.**<br><br>Complaints Filed: December 2, 2011; January 3, 2012; January 27, 2012; March 6, 2012; March 28, 2012; May 24, 2012; and August 24, 2012. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

PLAINTIFF'S ANSWER TO COUNTERCLAIMS
LITIOC/2059902v1/102298-0001

v.
ESPN INTERNET VENTURES,
      Defendants.

Plaintiff Preservation Technologies, LLC ("Preservation") hereby responds to Defendants Walmart Stores, Inc.'s ("Walmart") and Vudu, Inc.'s ("Vudu") Answer to Sixth Amended Complaint ("Complaint") filed by Walmart and Vudu on November 13, 2012 (the "Counterclaims").

## RESPONSE TO COUNTERCLAIMS
## PARTIES

1.   Preservation is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Counterclaims.

2.   Preservation is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 2 of the Counterclaims.

3.   Preservation admits that it is a Delaware corporation with a principal place of business at 2874 Walker Road, Suite C, Dover, Delaware 19904.

## JURISDICTION AND VENUE

4.   Preservation admits that Walmart and Vudu purport to assert counterclaims that arise under 28 U.S.C. § 2201 and 2202 and the United States patent laws, 35 U.S. C. §§ 101 et seq.  Preservation admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Preservation admits that it is subject to personal jurisdiction in this district for purposes of this action.

5.   Preservation admits that venue is proper in this district.

STRADLING YOCCA
CARLSON & RAUTH
  LAWYERS
NEWPORT BEACH

2
PLAINTIFF'S ANSWER TO COUNTERCLAIMS
LITIOC/2059902v1/102298-0001

## GENERAL ALLEGATIONS

6. Preservation admits the allegations of Paragraph 6 of the Counterclaims.

7. Preservation admits that on September 14, 2012, Preservation filed suit against Walmart and Vudu, claiming infringement of the patents-in-suit. Preservation admits that Walmart and Vudu deny that any of their products and/or services infringe any valid and enforceable claim of any of the patents-in-suit. Preservation denies that such denial by Walmart and Vudu is accurate.

8. Preservation admits that an actual case and controversy exists between Walmart and Vudu on one side and Preservation on the other side.

## FIRST COUNTERCLAIM
### Non-Infringement of the '014 Patent

9. Preservation restates and incorporates by reference its responses to Paragraphs 1 through 8 of this Answer as though fully set forth herein.

10. Preservation denies the allegations of Paragraph 10 of the Counterclaims.

11. Preservation denies the allegations of Paragraph 11 of the Counterclaims.

## SECOND COUNTERCLAIM
### Non-Infringement of the '499 Patent

12. Preservation restates and incorporates by reference its responses to Paragraphs 1 through 8 of this Answer as though fully set forth herein.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3

PLAINTIFF'S ANSWER TO COUNTERCLAIMS

LITIOC/2059902v1/102298-0001

13. Preservation denies the allegations of Paragraph 13 of the Counterclaims.

14. Preservation denies the allegations of Paragraph 14 of the Counterclaims.

## THIRD COUNTERCLAIM

### Non-Infringement of the '080 Patent

15. Preservation restates and incorporates by reference its responses to Paragraphs 1 through 8 of this Answer as though fully set forth herein.

16. Preservation denies the allegations of Paragraph 16 of the Counterclaims.

17. Preservation denies the allegations of Paragraph 17 of the Counterclaims.

## FOURTH COUNTERCLAIM

### Non-Infringement of the '831 Patent

18. Preservation restates and incorporates by reference its responses to Paragraphs 1 through 8 of this Answer as though fully set forth herein.

19. Preservation denies the allegations of Paragraph 19 of the Counterclaims.

20. Preservation denies the allegations of Paragraph 20 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4

PLAINTIFF'S ANSWER TO COUNTERCLAIMS
LITIOC/2059902v1/102298-0001

## FIFTH COUNTERCLAIM

### Non-Infringement of the '527 Patent

21. Preservation restates and incorporates by reference its responses to Paragraphs 1 through 8 of this Answer as though fully set forth herein.

22. Preservation denies the allegations of Paragraph 22 of the Counterclaims.

23. Preservation denies the allegations of Paragraph 23 of the Counterclaims.

## SIXTH COUNTERCLAIM

### Invalidity of the '014 Patent

24. Preservation restates and incorporates by reference its responses to Paragraphs 1 through 8 of this Answer as though fully set forth herein.

25. Preservation denies the allegations of Paragraph 25 of the Counterclaims.

26. Preservation denies the allegations of Paragraph 26 of the Counterclaims.

## SEVENTH COUNTERCLAIM

### Invalidity of the '499 Patent

27. Preservation restates and incorporates by reference its responses to Paragraphs 1 through 8 of this Answer as though fully set forth herein.

28. Preservation denies the allegations of Paragraph 28 of the Counterclaims.

29. Preservation denies the allegations of Paragraph 29 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5

PLAINTIFF'S ANSWER TO COUNTERCLAIMS

LITIOC/2059902v1/102298-0001

## EIGHTH COUNTERCLAIM

### Invalidity of the '080 Patent

30. Preservation restates and incorporates by reference its responses to Paragraphs 1 through 8 of this Answer as though fully set forth herein.

31. Preservation denies the allegations of Paragraph 31 of the Counterclaims.

32. Preservation denies the allegations of Paragraph 32 of the Counterclaims.

## NINTH COUNTERCLAIM

### Invalidity of the '831 Patent

33. Preservation restates and incorporates by reference its responses to Paragraphs 1 through 8 of this Answer as though fully set forth herein.

34. Preservation denies the allegations of Paragraph 34 of the Counterclaims.

35. Preservation denies the allegations of Paragraph 35 of the Counterclaims.

## TENTH COUNTERCLAIM

### Invalidity of the '527 Patent

36. Preservation restates and incorporates by reference its responses to Paragraphs 1 through 8 of this Answer as though fully set forth herein.

37. Preservation denies the allegations of Paragraph 37 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6

PLAINTIFF'S ANSWER TO COUNTERCLAIMS

LITIOC/2059902v1/102298-0001

1  38.   Preservation denies the allegations of Paragraph 38 of the Counterclaims.

## ANSWER TO WALMART AND VUDU'S REQUEST FOR RELIEF

Preservation admits that Walmart and Vudu are seeking the relief requested in the Prayer for Relief, but expressly denies that Walmart or Vudu is entitled to any of the requested relief.

## RELIEF REQUESTED BY PRESERVATION

WHEREFORE, Plaintiff, Preservation, requests that Defendants, Walmart and Vudu, take nothing against Plaintiff by reason of their counterclaims against Plaintiff, that Plaintiff be awarded the relief sought in its Complaint, that the Court dismiss Defendants' Counterclaims against Plaintiff in their entirety with prejudice, that Plaintiff be awarded its costs of suit, including attorneys' fees, and that the Court grant such other and further relief as it deems just and proper.

Dated:  December 7, 2012                    Stradling Yocca Carlson & Rauth


By: /s/ Douglas Q. Hahn
    DOUGLAS Q. HAHN

Attorneys for Plaintiff
PRESERVATION
TECHNOLOGIES, LLC