1  ROBERT C. O'BRIEN (SBN 154372)
   **ARENT FOX LLP**
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
3  Telephone:  213.629.7400
   Facsimile:   213.629.7401
4  Email:  obrien.robert@arentfox.com

5  DISCOVERY MASTER

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10                SOUTHERN DIVISION

11 PRESERVATION TECHNOLOGIES LLC,                  Case No.  SACV11-01860 DOC (JPRx)

12                  Plaintiff,                    **DISCOVERY MASTER REPORT AND RECOMMENDATION RE PRESERVATION-NETFLIX DISCOVERY DISPUTES**
13
14         v.

15 NETFLIX, INC.; HULU, LLC;                       **DISCOVERY MASTER ORDER NO. 7**
   DISH NETWORK CORPORATION;
16 AT&T SERVICES, INC.; COX
   COMMUNICATIONS, INC.;
17 DISNEY ONLINE; AMERICAN
   BROADCASTING COMPANIES,
18 INC.; YAHOO! INC.; WALMART
   STORES, INC.; VUDU, INC., and
19 ESPN INTERNET VENTURES,

20                 Defendants.

21         On June 11, 2013, a hearing was held in Irvine, California, with respect to

22 certain discovery disputes between plaintiff Preservation Technologies LLC

23 ("Preservation") and defendant Netflix, Inc. ("Netflix").  The parties were

24 represented by their counsel of record.  Prior to the hearing, Preservation and

25 Netflix submitted letter briefs together with exhibits.

26 //

27 //

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/1448077.1

REPORT AND RECOMMENDATION AND
DISCOVERY MASTER ORDER NO. 7
SACV11-01860 DOC (JPRx)

## I. BACKGROUND.

On January 31, 2013, Preservation served Netflix its Disclosure of Asserted Claims and Infringement Contentions ("Contentions"). The Contentions alleged literal infringement and, for some claims, infringement under the doctrine of equivalents. Paragraph 8 of the Case Management Order required, among other things, that Preservation provide "A chart identifying where each limitation of each asserted claim is found within each Accused Instrumentality…" and "whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality..." Netflix propounded interrogatories on Preservation, including Joint Interrogatory No. 1, which asked Preservation to identify, for each asserted claim, the factual and legal basis for its infringement contentions. Preservation responded to that Interrogatory by referring Netflix to Preservation's Contentions.

In a letter dated February 27, 2013, Netflix asserted that Preservation had not provided sufficient detail in response to Joint Interrogatory No. 1, regarding Preservation's doctrine of equivalents contentions, specifically by identifying, on a limitation-by-limitation basis, the factual and legal basis for Preservation's contention that Netflix infringes under the doctrine of equivalents. Netflix requested a supplemental response to the interrogatory by March 1, 2013. In a letter dated March 4, 2013, Preservation disagreed that the response to the interrogatory was deficient. There was additional back and forth on the issue with Netflix requesting supplemented Contentions and Preservation agreeing to do so only after discovery had been substantially completed with a suggested date of October 31, 2013.

//
//
//

REPORT AND RECOMMENDATION AND DISCOVERY MASTER ORDER NO. 7
SACV11-01860 DOC (JPRx)
- 2 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/1448077.1

1    Netflix requests that Preservation be ordered to supplement its response to
2    Joint Interrogatory No. 1 forthwith.
3    Preservation, for its part, alleges that Netflix has not produced documents in
4    response to its request for production.  Preservation also seeks an order requiring
5    that Netflix provide Preservation with its non-infringement contentions prior to the
6    first technical deposition of Netflix's witnesses.  Netflix made supplemental
7    document productions in recent days.
8    Preservation seeks an order requiring Netflix to produce additional
9    responsive documents and setting a date certain for Netflix to provide its non-
10   infringement contentions.

11   **II.    RULING.**

12   Having reviewed the briefs filed by the parties and having heard and
13   considered oral argument of counsel, the Discovery Master rules as follows:
14   1.    Preservation shall serve amended Contentions in response to Joint
15   Interrogatory No. 1 that detail, on a limitation-by-limitation basis, the factual and
16   legal basis for Preservation's contention that Netflix infringes under the doctrine of
17   equivalents on or before July 2, 2013.
18   2.    Netflix shall meet and confer with Preservation on or before June 15,
19   2013 regarding the production of all non-privileged technical documents responsive
20   to Preservation' document requests.
21   3.    Netflix shall serve its non-infringement contentions on Preservation
22   on or before July 16, 2013.
23   //
24   
25   //
26   
27   //
28   

- 3 -

REPORT AND RECOMMENDATION AND
DISCOVERY MASTER ORDER NO. 7
SACV11-01860 DOC (JPRx)

The parties may rely upon this ruling unless notified that the District Court has not accepted this Report and Recommendations. The parties have until June 17, 2013, to appeal this ruling to the District Court.

Dated: June 13, 2013

By: /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/1448077.1

- 4 -

REPORT AND RECOMMENDATION AND
DISCOVERY MASTER ORDER NO. 7
SACV11-01860 DOC (JPRx)