Hon. James L. Smith (Ret.)
Discovery Referee
JAMS
500 N. State College Blvd.
Suite 1400
Orange, CA 92868
Telephone: (714) 939-1300
Fax: (714) 939-8710

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHER DIVISION

| | |
|---|---|
| PRESERVATION TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NETFLIX, INC.; HULU, LLC.; DISH NETWORK CORPORATION; AT&T SERVICES, INC.; COX COMMUNICATIONS, INC.; DISNEY ONLINE; AMERCIAN BORADCASTING COMPANIES, INC.; YAHOO! INC.; WALMART STORES, INC.; VUDU, INC.; and ESPN INTERNET VENTRUES. <br><br> Defendants. | Case No. sacv 11-01860 DOC (JPRx) <br><br> **REPORT AND RECOMMENDATION** <br><br> **OF E-DISCOVERY SPECIAL MASTER** <br><br> (February 20, 2013) |

Having been appointed by the Court to serve as Electronic Discovery (E-Discovery) Special Master (Special Master) in the above entitled matter the Special Master has reviewed and considered the submissions of the parties regarding a proposed E-Discovery Protective

1

1  Order. The Special Master submits herewith (Exhibit "A") a recommended E-Discovery
2  Protective Order for the Court's consideration.

### RECOMMENDATION

The recommendation of the E-Discovery Special Master is accepted and approved. The proposed E-Discovery Protective Order submitted by the Special Master is adopted by the Court.

Date: February 20, 2013

_____
James L. Smith
E-Discovery Special Master

IT IS SO ORDERED:

Date: ~~February~~ March 4, 2013

_____
Hon. David O. Carter
District Court Judge

Exhibit "A"

1 | Hon. James L. Smith (Ret.)
  | Discovery Referee
2 | JAMS
  | 500 N. State College Blvd.
3 | Suite 1400
  | Orange, CA 92868
4 | Telephone: (714) 939-1300
  | Fax: (714) 939-8710

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PRESERVATION TECHNOLOGIES, LLC, | |
| Plaintiff, | Case No. sacv 11-01860 DOC (JPRx) |
| v. | |
| NETFLIX, INC.; HULU, LLC.; DISH NETWORK CORPORATION; AT&T SERVICES, INC.; COX COMMUNICATIONS, INC.; DISNEY ONLINE; AMERCIAN BORADCASTING COMPANIES, INC.; YAHOO! INC.; WALMART STORES, INC.; VUDU, INC.; and ESPN INTERNET VENTRUES. | **ORDER REGARDING ELECTRONIC DISCOVERY** (February 20, 2013) |
| Defendants. | |

The court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information (ESI) production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rules of Civil Procedure.

1

2. This order may be modified in the Court's discretion or by agreement of the parties with the approval of the Court. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute to the Court appointed E-Discovery Special Master and/or the Court.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will result in the consideration of cost shifting.

4. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in ruling on any requests for cost shifting.

5. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not necessarily include all metadata. However, as to any e-mail documents the production shall include metadata indicating the date and time sent and received and a complete distribution list.

6. Absent agreement of the parties or further order of the E-Discovery Special Master or the Court, the following parameters shall apply to all ESI production:

    A. **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format (TIFF) format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document consists of more than one page the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    B. **Text-Searchable Documents**. No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this

February 20, 2013 REPORT OF AND RECOMMENDATION
OF E-DISCOVERY SPECIAL MASTER

1 litigation, including for use by the producing party's counsel, then such documents shall be
2 produced in the same text-searchable format at no cost to the Receiving Party.

3      C. **Footer.** Each document image shall contain footer with a sequentially
4 ascending production number (Bates Number).

5      D. **Native Files.** A party receiving a document produced in a format specified
6 herein may make a reasonable request to receive the document in its native format, and upon
7 receipt of such a request the producing party shall produce the document in its native format.

8      E. **No Backup Restoration Required.** Absent a showing of good cause, no
9 party need restore any form of media upon which backup data is maintained in a party's normal
10 or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of
11 media not containing active files, to comply with its discovery obligations in the present case.

12      F. **Voicemail and Mobile Devices.** Absent a showing of good cause, instant
13 messages, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need
14 not be collected and preserved.

15   7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or
16 compliance with a mandatory disclosure order of the E-Discovery Special Master or this Court,
17 shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). E-
18 mail shall be produced in response to specific requests for production.

19   8. E-mail production requests shall relate to specific issues.

20   9. E-mail production requests shall be phased to occur timely after the parties have
21 exchanged initial disclosures, a specific listing of likely e-mail custodians, infringement
22 contentions and accompanying documents pursuant to paragraph 8(b) & (c) of this Court's Case
23 Management Order and Case Schedule, invalidity contentions and accompanying documents
24 pursuant to paragraph 8(d) & (e) of this Court's Cases Management Order and Case Schedule,
25 and preliminary information relevant to damages. Each requesting party may also propound up
26 to five written discovery requests and take one deposition per producing party to identify the
27 proper custodians, proper search terms and proper time frame for e-mail production requests.
28 The E-Discovery Special Master is directed and authorized to consider and rule upon requests

3

February 20, 2013 REPORT OF AND RECOMMENDATION
OF E-DISCOVERY SPECIAL MASTER

for additional E-Discovery upon a showing of good cause. Rulings of the E-Discovery Special Master shall be subject to review by the Court at the Court's discretion.

10. E-Mail production requests shall identify the custodian, search terms, and time frame which are the subject of the request. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of six custodians per producing party for all such requests. The parties may jointly agree to modify this limitation without leave of Court. The E-Discovery Special Master shall consider contested requests for additional or fewer custodians per producing party, and may make such modifications as my be found appropriate and reasonable upon a showing of good cause after considering the size and complexity of the issue being addressed. Rulings of the E-Discovery Special Master shall be subject to review by the Court at the Court's discretion. Should a party serve e-mail production requests for additional custodians beyond the limits contained herein or permitted by the E-Discovery Special Master pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its e-mail production requests to a total of eight search terms per custodian per party. The parties may jointly agree to modify this limit without leave of Court. The E-Discovery Special Master shall consider and rule upon contested requests for additional or fewer search terms per custodian upon a showing of distinct need based on the size and complexity of the issues being addressed. Rulings of the E-Discovery Special Master shall be subject to review by the Court at the Court's discretion. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or it product name, are found to be inappropriate unless combined with additional narrowing search criteria that sufficient reduce the risk of over burdensome production. A conjunctive combination of multiple words or phrases in a search term that narrows the scope of production shall be deemed to be a single search term. A disjunctive combination of multiple words or phrases in a search term that broadens the scope of the production shall be considered as multiple individual search terms. Modifiers included in search criteria that narrow the scope

1 | of production shall not be deemed separate search criteria. Should a party serve e-mail
2 | production requests with search terms exceeding the limits provided for herein the requesting
3 | party shall bear all reasonable costs caused by such additional discovery.

4 |     12. Pursuant to Federal Rule of Evidence 502(d) the inadvertent production of a
5 | privileged or work product protected ESI shall not be deemed a waiver in the pending case or in
6 | any other federal or state proceeding.

7 |     13. The mere production of ESI as part of a mass production shall not necessarily be
8 | deemed a waiver of any privilege protecting against production of such data.

9 |     14. Except as expressly stated, nothing in this Order affects the parties' discovery
10 | obligations under the Federal or Local Rules.

IT IS SO ORDERED:

Date: ~~February~~ March 4, 2013

*/s/ David O. Carter*
Hon. David O. Carter
United States District Court Judge