I. NEEL CHATTERJEE (SBN 173985)
nchatterjee@orrick.com
VICKIE L. FEEMAN (SBN 177487)
vfeeman@orrick.com
MONTE M.F. COOPER (SBN 196746)
mcooper@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Defendant
DISH NETWORK CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NETFLIX, INC. et al.,<br><br>　　　　　Defendant. | Case No. SACV11-01860 DOC<br><br>**DISH NETWORK CORPORATION'S PARTIAL OBJECTION TO DISCOVERY MASTER REPORT AND RULING NO. 13** |

Defendant DISH Network Corporation ("DISH") respectfully submits this partial objection to Discovery Master Report and Ruling on Plaintiff's Motion to Amend its Disclosure of Asserted Claims and Infringement Contentions (No. 13) ("Order No. 13"), issued November 27, 2013 and not yet entered by the Court.[1]

## I. INTRODUCTION

This partial objection to Order No. 13 concerns only two limited issues:

1) whether Preservation Technologies LLC ("Preservation") provided sufficient notice of its infringement allegations against DISH's video-on-demand over set-top-box service ("VOD over STB") in its preliminary infringement contentions; and

2) whether Preservation should be allowed to assert numerous additional claims at this stage in the litigation.

The objected-to portions of Order No. 13 should be reviewed de novo. FED. R. CIV. P. 53(f).

The Special Master erred in allowing Preservation to amend its infringement contentions at this late date to include allegations against VOD over STB, because that decision was based on an erroneous finding that "the Preliminary Contentions provided sufficient notice to DISH that VOD over STB was accused of infringing the '060 and '537 patents." Order No. 13 at p. 13, n. 7. Prior to October 7, 2013, Preservation had never provided any infringement charts or explained any infringement theories directed to VOD over STB. To the contrary, in its January 2013 Infringement Contentions ("January Contentions"), Preservation made only a single vague reference to video-on-demand in some introductory language of its claim charts for an entirely different accused instrumentality known as Whole

---

[1] Throughout these objections, DISH cites to various pleadings and exhibits that the parties served on the Special Master in the underlying motion process. If this Court needs copies of any of those pleadings or exhibits, DISH will be happy to provide them.

Home DVR.  In Order No. 13, the Special Master concluded that this single mention was sufficient to put DISH on notice of Preservation's VOD over STB allegations.  *See id.*  But the Case Management and Scheduling Order specifically required Preservation to provide a *chart* for *each* Accused Instrumentality in January.  Dkt. 156-1 at ¶8(b)(iii).  And the case law requires that an accused instrumentality be *charted* in order to provide sufficient notice of the plaintiff's infringement theories to an accused infringer.  It is not enough under the Court's Order or the relevant case law to simply mention an accused instrumentality without explaining how it allegedly infringes.  Accordingly, DISH respectfully requests that the Court overrule Order No. 13 to the extent that it allowed Preservation to assert new infringement allegations against VOD over STB.

The Special Master also erred in allowing Preservation to assert six additional claims against DISH.  None of these six claims was included in Preservation's election of asserted claims against DISH, and, in fact, Preservation never asserted three of these claims against *any* defendant at any point in this litigation.  The Special Master nonetheless allowed Preservation to assert these new claims, without addressing whether Preservation had demonstrated good cause for its late claim changes, as required by the Case Management and Scheduling Order.  Dkt. 156-1 at ¶8(b).  This Court's *Etagz* decision is squarely on point, but Preservation never addressed, let alone distinguished, it—nor did the Special Master.  *See Etagz, Inc. v. Quiksilver Inc.*, 2012 U.S. Dist. LEXIS 92201, at *3-4 (C.D. Cal. 2012) (J. Carter).  Because Preservation failed to establish good cause, DISH respectfully requests that the Court overrule Order No. 13 to the extent that it allowed Preservation to assert additional claims at the close of fact discovery.

## II.   BACKGROUND

### A.   New Allegations Against Video-On-Demand

As part of its product lineup, DISH offers a set-top-box known as the Hopper

Whole-Home DVR which works with additional receivers called Joeys. The Hopper/Joey system provides Whole Home DVR functionality that enables customers to record a satellite broadcast television show in one room (on a Hopper DVR (i.e., digital video recorder)) and watch the show in another room (on a TV connected to a Joey). The recorded shows are stored on a DVR hard drive in the Hopper and can subsequently be played back from the Hopper or one or more Joeys. Certain of DISH's set-top-boxes also offer a completely different functionality – VOD over STB – which gives users access to "video on demand" content[2] through their set-top-box. VOD has nothing to do with Whole Home DVR functionality.

     On January 31, 2013, Preservation served its January Contentions. Included in those contentions were claim charts alleging that the Whole Home DVR functionality of the Hopper/Joey system infringed 1) the '537 Patent and 2) the '060 Patent. In particular, Preservation accused the Whole Home DVR functionality of infringing certain claims of those two patents based on the location, retrieval and playback on a Joey of programs recorded on a Hopper DVR. Other than in the introductory language, the charts did not include a single mention of VOD over STB, not surprisingly, because that functionality does not involve accessing the DVR content on the Hopper to retrieve and play back programs on a Joey. Accordingly, the January Contentions that related to the Whole Home DVR functionality were irrelevant to the VOD over STB functionality.

     On October 7, 2013, Preservation filed a Motion to Amend its Infringement Contentions ("Motion to Amend"). Through its Motion to Amend, Preservation attempted to add twelve entirely new theories of infringement and six additional claims to this case. In Order No. 13, the Special Master granted Preservation's

---

[2] Video on demand refers to a service that allows users to select and watch certain content whenever they want, as opposed to a broadcast service that provides mass simultaneous distribution of linear media content to a wide audience.

motion to add seven of Preservation's new infringement theories (Exhibits[3] 4, 5, 6, 7, 8, 9, and 19).

Two of these allowed charts – 5 and 8 – for the first time included detailed allegations relating to VOD over STB. Exhibit 5 accuses both DISH's Whole Home DVR *and* VOD over STB services of infringing the '060 Patent. Exhibit 8 accuses both DISH's Whole Home DVR *and* VOD over STB services of infringing the '537 Patent. In contrast to the Whole Home DVR allegations, which focus on the location and playback of programs recorded by the Hopper's DVR functionality, the VOD over STB allegations accuse entirely different content, servers, and communication methodologies.[4]

### B. New Asserted Claims

During the Case Management Conference on December 3, 2012, this Court instructed Preservation to limit the number of claims asserted against all defendants. On December 14, 2012, Preservation served all defendants with its list of elected claims. Opposition at 3. On January 7, Preservation corrected that disclosure. *Id.* Neither of these disclosures included claim 17 of the '060 Patent or claims 1 or 75 of the '537 Patent. In its January Contentions, Preservation did not assert claims 2, 5 or 18 of the '060 Patent against DISH. On October 7, through its Motion to Amend, Preservation sought to add these very claims – never before asserted against DISH – to this litigation.

---

[3] Numerical exhibits referenced herein refer to the claim charts attached to Preservation's Amended Infringement Contentions and submitted to the Special Master on October 8, 2013.

[4] Per the Special Master's request, on November 15, 2013, the parties submitted redacted Exhibits 5 and 8. These redacted claim charts reflect the portions of Exhibit 5 and 8 to which DISH does not object (i.e. assertions that Hopper/Joey Whole Home DVR functionality infringes claims previously asserted in the January Contentions). DISH understands that these redacted Exhibits 5 and 8 were submitted under seal to the Court as Exhibit A to Order No. 13.

## III. ARGUMENT

### A. Preservation Did Not Sufficiently Put DISH On Notice Of Its VOD Over STB Allegations

It is undisputed that Preservation's January Contentions did not include any charts identifying specifically where *any* limitation of *any* asserted claim is found within DISH's VOD over STB service. Without a claim chart as prescribed by the Case Management Order, DISH was not put on notice of Preservation's theories and VOD over STB should not be an Accused Instrumentality in this case. *See, e.g., H-W Tech., L.C. v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 121271, at *6, *21-22 (N.D. Tex. 2012) (Plaintiff accused Google's Nexus One of infringement but failed to include it in the claim chart; infringement contentions relating to Nexus One were therefore stricken). In patent cases, claim charts are not a procedural formality; charts are required in order to put accused infringers on notice of how the claims purportedly read on the accused instrumentality. Without that information, a defendant is left guessing as to why the plaintiff believes the product infringes. *See, e.g.*, *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006).

Preservation admits that it only mentions VOD over STB in some introductory language to its January Contentions (i.e., not in the charts themselves). Reply at 15. But the mere mentioning of a product, without a claim chart, is not sufficient to accuse a product of infringement. *See, e.g.*, *Rambus Inc. v. Nvidia Corp.*, 2011 U.S. Dist. LEXIS 156378, at *27 (N.D. Cal. 2011)(Infringement contentions were insufficient because "the charts do not identify where each limitation of each asserted claim is found within each NVIDIA accused product").

In its Reply, Preservation appears to argue (though does not do so explicitly) that the Whole Home DVR charts in the January Contentions were somehow

- 5 -

DISH NETWORK CORPORATION'S
PARTIAL OBJECTION TO DISCOVERY
MASTER REPORT AND RULING NO. 13
SACV11-01860 DOC

representative of its VOD over STB allegations. Reply at 15. But in order to use a single claim chart as representative of other accused instrumentalities, Preservation was required to explain why the claim chart represented multiple accused services. *See Bender v. Maxim Integrated Prods.*, 2010 U.S. Dist. LEXIS 32115, at *4-9 (N.D. Cal. 2010) (Infringement contentions failed to comply with Patent Local Rule 3-1 because plaintiff failed to provide an adequate explanation as to why the claim charts represented all of the listed accused products); *Ameranth, Inc. v. Pizza Hut, Inc.*, 2013 U.S. Dist. LEXIS 105692, at *43-45 (S.D. Cal. 2013) ("While Ameranth says it identified the accused versions temporally, by their functional aspects or by their version names or numbers, it must at least state how the accused previous versions are the same or reasonably similar to the charted version, or else provide a separate chart for each version"); *Subotincic v. 1274274 Ontario Inc.*, 2013 U.S. Dist. LEXIS 110726, at *19-20 (N.D. Cal. 2013) ("Though using a representative product can be proper, substantial evidence needs to sufficiently tie infringement to the accused products"). Preservation provided no such explanation, nor could it, given that the two functionalities that purportedly infringe are different.

The authority on this point is clear – VOD over STB was not properly identified as an Accused Instrumentality in the January Contentions and therefore DISH was not on notice of Preservation's allegations. Indeed, even before Preservation filed its Motion to Amend, DISH had consistently taken the position that VOD over STB was *not* an Accused Instrumentality in this case. *See, e.g.*, Sur-Reply at p. 4.

Order No. 13 addresses this issue in only a single footnote:

DISH argues that the notice provided in the Preliminary Contentions regarding VOD over STB being an accused instrumentality with respect to the '060 and '537 patents was insufficient. *See* Sur-reply at 3-4. However, the Discovery Master finds that the Preliminary Contentions provided sufficient notice to DISH that VOD over STB was accused of infringing the '060 and '537 patents. Accordingly, the Discovery Master finds that PTL

acted with sufficient diligence in amending its claim charts related to those claims, as set forth in Exhibits 5 and 8.

Order No. 13 at p. 13, note 7. However, Order No. 13 goes against established law on this point. Contrary to the Discovery Master's finding, the single mention of a product, without a detailed element-by-element chart, is *not* sufficient to put DISH on notice that VOD over STB was accused of infringing the '060 and '537 Patents. Accordingly, DISH respectfully requests that this Court overrule Order No. 13 and exclude VOD over STB as an Accused Instrumentality against the '060 and '537 Patents.[5]

### B. Preservation Did Not Justify Adding Six New Claims At The Close Of Discovery

It is undisputed that Preservation must show good cause in order to assert additional claims against DISH. *See, e.g.*, Motion at 7; Opposition at 15. Although the parties briefed Preservation's attempts to assert additional claims, Order No. 13 did not address this issue.

Preservation provides no reason why it waited until the very last day it could before attempting to add new claims to this case. *See Etagz, Inc. v. Quiksilver Inc.*, 2012 U.S. Dist. LEXIS 92201, at *3-4 (C.D. Cal. 2012) (J. Carter) ("There is no substantial justification for waiting until the present time to add claims that have always been present in the . . . patent.") Preservation waited until the end of fact discovery to amend its contentions. But this Court has already held that an "amend by date," set by a scheduling or Court order, does not provide a party with approval to wait until that date to update its contentions. *Id.* ("Plaintiff also seems to argue that because this Court permitted Plaintiff to set a date by which it must have

---

[5] The Discovery Master already concluded that Preservation was not diligent in its attempts to add VOD over STB allegations for other patents. *See* Order No. 13 at 13. For the same reasoning, Preservation was not diligent in adding its VOD over STB allegations for the '537 and '060 patents now.

supplemented its discovery responses, the Court has somehow 'preapproved' the addition of the claims in question. There is no such presumption that results from the simple setting of a deadline at a scheduling conference.")

In *Etagz*, the patentee attempted to assert additional claims against the accused infringer with two months left in fact discovery. *Id.* This Court held that the patentee's conclusory statements about diligence and prejudice were insufficient to meet its burden of showing good cause. *Id.* The relevant facts of *Etagz* are directly in line with the present case. As in *Etagz*, Preservation only advanced conclusory statements in support of its eleventh-hour amendment and therefore Preservation's motion to assert additional claims should similarly be denied.

Despite having the opportunity to do so, Preservation never addressed *Etagz* or attempted to distinguish its holding.[6] In Order No. 13, the Discovery Master never analyzed or addressed Preservation's attempt to assert additional claims and never discussed *Etagz*. DISH therefore respectfully requests that this Court overrule Order No. 13 and apply the holding in *Etagz* to forbid Preservation from asserting additional claims.

## IV. CONCLUSION

For the foregoing reasons, DISH respectfully requests that this Court overrule Order No. 13 to the extent that it allowed VOD over STB allegations in Exhibits 5 and 8 and to the extent it allowed Preservation to assert additional claims.

---

[6] Having failed to make the argument below, Preservation should be precluded from presenting any argument now on the issue.

| | | |
|---|---|---|
| 1 | Dated: December 5, 2013 | Orrick, Herrington & Sutcliffe LLP |
| 2 | | |
| 3 | | By: */s/ Alyssa M. Caridis* |
| 4 | | Alyssa M. Caridis |
| 5 | | Alyssa M. Caridis |
| 6 | | 777 South Figueroa Street, Suite 3200<br>Los Angeles, California 90017-5855 |
| 7 | | Tel.: (213) 629-2020<br>Fax: (213) 612-2499 |
| 8 | | I. Neel Chatterjee |
| 9 | | Vickie L. Feeman<br>Monte Cooper |
| 10 | | 1000 Marsh Road<br>Menlo Park, California 94025 |
| 11 | | Telephone: +1-213-629-2020<br>Facsimile: +1-213-612-2499 |
| 12 | | Attorneys for Defendants DISH Network Corp. |

OHSUSA:755758798.4